Duer, J.
—Following the words of the code, I think I am bound to say, that this affidavit is just as valid and effectual, as if 'it were “ duly entitled.” The code says, § 406, “It shall not be necessary to entitle an affidavit, in the action, but an affidavit made without a title, or with a defective title, shall be as valid and effectual for every purpose as if it were duly entitled, if it intelligibly refers to the action or proceeding in which it is made.” As this is the only suit between the parties, the plaintiff could not have been misled by the error in the name of the court. He knew at once that it was a clerical mistake. He knew that the affidavit refers to this action, and was meant to be used in support of this motion.
I cannot regard the observations of Bronson, J., in Clickman v. Clickman, as a positive decision of the court of appeals, for in that case, the error in the name of the court was in the notice as well as in the affidavit, and it was truly said that such an error is not helped by the code. Here, the notice is correct,. and by its accuracy demonstrates and corrects the mistake in the affidavit to which it refers.
*659 Nor can I assent to so narrow a construction of section 406 (ante 367) as to limit its application to the cases in which the error or defect is in the names of the parties. The title of an affidavit, I think, embraces its entire heading ; that is, the name or style of the court as well as the names of the parties, and to give effect to the intention of the legislature, the words “defective title "must be understood in their broadest sense ; that is, as equally applying, whether the title be inaccurate, as merely incomplete, or as positively erroneous. The plain meaning of the code, it seems to me, is, that an affidavit is, in all cases, to be deemed sufficient, as to its form, which “ refers intelligibly to the action or proceeding in which it is made," and the question as to its admissibility is, therefore, settled, when the court is satisfied that the party upon whom it was served could not have been misled.
The affidavit was then read. Bowman then stated that there were other preliminary objections that he considered to be fatal. They were,
1. That "the denial of the motion on the 7th of August was a bar to its renewal, the right to renew it not being then reserved (Suyder v. White, 6 How. P. R. 321).
2. That the notice was irregular, as not specifying the grounds of. the motion (Ellis v. Jones, 6 How. P. R. 296; May v. Wilson, 10 Bar. R. 321).
3. That the notice was also too late, not having been given within twenty days after the service of the complaint, as required by the 43d rule of the superior court. Lastly, that the defendants, 'having obtained an order enlarging the time to' answer, had thereby submitted to answer the complaint as it stood, and were precluded from excepting to it (1 Bar. Ch. P. 101).
After argument, the judge reserved his decision on these objections, and heard the motion on the merits.
Duer, J.
I certainly would not have entertained this motion, had the former been heard and denied upon the merits, but the denial of a motion by the default of the moving party, if the default, as in this case, be sufficiently excused, is no bar to its renewal.
*660 The proceeding, however, would have been more regular and, as will appear, safer for the defendants, had their counsel moved to open the default, so as to have enabled him to bring the motion to a hearing upon the original notice.
The other preliminary objections upon which the plaintiff insisted, are much graver in their character. If irrelevancy were the only ground upon which a motion to strike out parts of a pleading could be sustained, the omission to state the ground in the notice I should hold to be immaterial; but where there are several grounds upon which a motion may be granted, those upon which the moving party means to rely must be distinctly stated either in the notice or in the affidavits that accompany it, and to the grounds thus stated the party will be confined upon the hearing.
I consider this to be the established practice, and the rule is in itself so reasonable and just that I have no inclination to depart from it.
Under the provisions of the code, irrelevancy is not the only ground of a motion, like the present; matter which is redundant may be stricken out as well as that which is irrelevant, and the terms are certainly not equivalent. Matter which is irrelevant, it is true, is also redundant, but the converse is by no means true. A needless repetition of material averments is redundancy, although the facts averred, so far from being irrelevant, may constitute the whole cause of action.
Nor is this all; the power of the court to strike out matter as scandalous, is certainly not affected by the provisions of the code; it is essential to the due administration of justice, and to the protection of the feelings and character of suitors. In the court of chancery, however, the exception for scandal was always -considered as distinct from that of impertinence, although plainly comprehended under it, as it is now under that of irrelevancy (Coffin v. Cooper, 6 Vesey, 573; Wood v. Morrell, 1 John. Ch. R. 106), and the reasons for the distinction, from the important bearing of the. question upon that of costs, still subsist. It follows from these observations that the notice, in this case, from its entire omission of the grounds upon which the motion was meant to be placed, is certainly defective, and as the defect is not supplied by the affidavit, I must hold it to be insufficient *661 and irregular. The motion must therefore be denied, but if there were no other grounds for its denial, I should give to the defendants the privilege of renewing it. The other objections raised by the plaintiff must therefore be considered.
The notice, passing over the objection to its form, it was next said upon another and distinct ground, is wholly void. It was served when the right to make this motion was lost by delay. The 43d rule of the supreme court, which, as plainly applicable, is binding upon us, expressly declares that a motion to strike out irrelevant or redundant matter must be noticed before demurring or answering, and within twenty days from the service of the pleading to which it relates. It is not denied that the time thus limited may be enlarged by the order of a judge, but, in this case, no such order was obtained, and when the notice was given, not only twenty, but more than thirty days, had elapsed from the time of the service of the complaint.
The answer to this objection was that notice of the first motion was served within the twenty days which the rule prescribes, and that as this was rendered ineffectual by an unforeseen accident, the delay thus occasioned ought not to prejudice the defendants, since it is' only where a want of due diligence may be justly imputed that delay in noticing a motion is a bar to its consideration.
I am not satisfied that the answer thus given is sufficient; I am unable to see that the prior notice can with propriety be invoked in aid of a new and distinct motion. If the defendants wished to retain the benefit of this notice, they should, by a proper application, have obtained a re-heáring of the motion to which alone it refers. At present I can look only at the notice upon which the motion before me is founded. It is true, that where the time within which a motion must be made rests in the sound discretion of the judge by whom it is to be heard, an affidavit, excusing a delay that otherwise might be deemed unreasonable and fatal, may be read in support of the motion, and in such cases the right of the party to give the notice depends alone upon the sufficiency of the excuse, but where the time within which an act must be performed is positively fixed by statute, or by a rule of court, I apprehend, that in all cases *662 where the time, thus limited, has been suffered to elapse, and no order for its extension has been obtained, the performance of the act is nugatory and void. It follows that the service of the notice in this case was an unauthorized act. It violated a rule that the defendants were bound to observe, and from the observance of which they had not been released. To render the notice valid, a prior order, enlarging the time for its service, was indispensable.
Even were I justified in treating this motion as now before me upon the original notice, I should still be under the necessity of refusing to consider it upon the merits. So entire is the analogy between an exception for impertinence in courts of equity, and a motion to strike out irrelevant matter under the code, that it is reasonable to consider them as subject to the same rules. Now, in the court of chancery, it was fully settled, not only that a defendant could not except to the bill for impertinence, when he had answered or demurred, but that he could not except, when the time for answering had been extended. The obtaining such an extension was construed as a waiver of all objections to the bill, and as a submission to answer it in its actual form. In the case of Isham v. Williamson (7 Leg. Obs., 341), it was held, by Mr. Justice Mason, that these judicious rules are not at all varied by the provisions of the code, and he therefore decided, that a plaintiff, who had obtained an extension of time to reply, was precluded from moving to strike out irrelevant matter from the answer; nor can I doubt that this decision, had it been appealed from, would have been affirmed by the court. In many cases, more than' twenty days are required to prepare a suitable "answer to a complaint, and in some, a reply to an answer, but the time is more' than sufficient for determining whether a pleading contains irrelevant or redundant matter that ought to be stricken out, and a case rarely occurs, in which it may, with propriety, be extended. Hence, it is perfectly just, that an order enlarging the time to answer, should be regarded as an admission by the party obtaining it, that he means to answer the complaint as it stands, and should, therefore, operate as a bar to a future motion for its alteration, unless, by the terms of the order, the right to make *663 the motion is expressly given, and it is to be understood, that these rules equally apply where an extension of time is granted by the adverse party.
On the 27th day of July, the defendants obtained an order, extending the time to answer, and on the same day the notice of the former motion was served. It does not appear, and it is quite immaterial, whether the notice was served before or after the order was obtained; if the -notice was first served it was superseded by the order, if the order was first obtained, the notice was irregular and void.
For the several reasons that have been given, I must deny this motion, without entering at all upon a consideration of its merits, but as ten dollars costs were allowed to the plaintiff on the denial of the former motion, the costs of the present, fixed at the same amount, must abide the event of the suit.