Waters agt. Clark.

————◆◆————

## SUPREME COURT.

MARTIN WATERS agt. JOSIAH G. CLARK.

In an action to recover rent for the use and occupation of premises, it is not necessary to aver in the complaint how the relation of landlord and tenant arose between the parties.

If there is an omission to state the time when the defendant occupied the premises, and the rate at which the rent is claimed, or the period of time during which the rent is in arrear, such defects are not available on demurrer; they can be corrected on motion to render the pleading more definite and certain.

*New York Special Term, November,* 1861.

DEMURRER to complaint.

G. O. HULSE, *for defendant.*

C. P. SCHERMERHORN, *for plaintiff.*

LEONARD, Justice.   This case comes before the court on a general demurrer to the complaint for not stating facts sufficient to constitute a cause of action.

The complaint states, that on the 1st of May, 1861, the defendant became indebted to the plaintiff in $137.50, for the use and occupation of the plaintiff's premises, situated at 126 Charlton street, in the city of New York, and that no part of that sum has been paid.

The defendant is here informed that the plaintiff claims that the defendant has occupied and used his premises in Charlton street, for which he is now indebted in a certain sum.   Such is the reasonable and plain intendment of the language used.

In my opinion, a contract is clearly implied, that the defendant requested, or consented to occupy the premises, and promised to pay therefor.   (*Allen* agt. *Patterson,* 3 *Seld. R.,* 476.)   The plaintiff asserts that the premises are his; he is therefore the landlord.

No one, with common understanding, can doubt that the relation of landlord and tenant existed prior to May 1st, 1861, between the plaintiff and defendant, as to the occupation of these premises.

It is not necessary to aver in pleading how the relation of landlord and tenant arose between the parties.

The plaintiff can prove, under this complaint, an occupation under a written or parol agreement for hiring, or such facts as will raise an implied promise to pay for the occupation of the premises, in case there was no express agreement.   (*Pierce* agt. *Pierce,* 25 *Barb. R.,* 243; *Morris* agt. *Niles,* 12 *Abb. Pr. R.,* 104; *Ten Eyck* agt. *Houghtailing,* 12 *How. Pr. R.,* 528; *Taylor's Landlord and Tenant,* § 636; *Com. Landlord and Tenant, pp.* 141–2.)

There is an omission on the part of the pleader in stating the time when the defendant occupied the premises, and the rate at which the rent is claimed, or the period of time during which the rent is in arrear; but these defects are not available on demurrer. Such defects can be corrected on motion to render the pleading more definite and certain.

Judgment for plaintiff on the demurrer, with leave to defendant to answer in ten days, on payment of the costs of the demurrer.