# NEW YORK COMMON PLEAS.

## WILLIAM M. GARRISON agt. WILLIAM H CARR.

Where a *summons* is issued under the first subdivision of section 129 of the Code, demanding judgment for a sum certain; and the complaint states a cause of action arising upon contract, to recover unliquidated damages for the breach of a contract in the construction of a piece of machinery, the summons must control; and the complaint is irregular.

Where, in such case, the defendant, after service of the complaint, obtains an *extension of time to answer*, he waives the irregularity in the complaint.

*Special Term, October,* 1867.

MOTION on behalf of defendant before answer, to set aside the complaint " as inconsistent with the summons."

Garrison agt. Carr.

The summons is in form "for a money demand on contract," and asks judgment for a sum specified therein. The plaintiff by his complaint, claims to recover damages for the breach of a contract entered into by defendant with him for the construction of a piece of machinery, which, as is alleged, was not completed by the defendant within the time fixed in the contract. The damages claimed are not liquidated by the contract.

N. TUGWELL, JR., *counsel for defendant, for motion.*
D. THORNTON, *counsel for plaintiff, opposed*

VAN VORST, J. The summons in this action is under the first subdivision of section 129 of the Code, and demands judgment for a sum certain. The complaint, it is true, discloses a cause of action "arising on contract," but not "for the recovery of money only." The amount sought to be recovered is not fixed or liquidated by the terms of the instrument. They are yet to be ascertained, and will require proof outside of the contract to establish them.

The summons must control, and as it indicates an action arising on contract for the recovery of money only, the complaint to be regular should correspond with it.

But I think that the defendant must be held to have accepted the complaint as it is, and to have waived the objection of its non-conformity to the summons. He has obtained an extension of time to answer, and this is an admission that the complaint was to be answered. (*Bowman* agt. *Sheldon,* 5 *Sandf.* 662.)

It is too late for him to raise the objection now. He should have moved promptly if he meant to have insisted on this irregularity, and not have sought the favor of an extension of time to answer, and use it for the purpose of this motion.

Motion denied, but without costs.