of the court to regulate the conduct of trustees is undoubted, and, if this remedy is adequate, the court need not go further. Sufficient has been said to show that the questions involved are peculiarly such as should be determined only after the grandchildren have been made parties to the action, and have been heard by the court.

Our conclusion is that the judgment should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ., concur. INGRAHAM, J., concurs in result.

---

(13 App. Div. 124.)

POST v. BLASEWITZ.

(Supreme Court, Appellate Division, Second Department. January 12, 1897.)

PLEADING—MOTION TO MAKE MORE DEFINITE AND CERTAIN—WAIVER.
The right to require a complaint to be made more definite and certain (Code Civ. Proc. § 546) is lost where a judgment on a demurrer to the complaint is set aside pursuant to a stipulation by the parties that the action should be considered in all respects as though no demurrer had been interposed, and that defendant should have 10 days in which to answer the complaint.

Appeal from city court of Yonkers.

Action by William Post against Theodore Blasewitz to recover rent. From an order requiring plaintiff to make his complaint more definite and certain, he appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William Riley, for appellant.
Cyrus A. Peake, for respondent.

WILLARD BARTLETT, J. This action was brought to recover $112.50 for the use and occupation of certain premises in the city of Yonkers. The complaint alleged that between July 1, 1893, and February 1, 1896, the defendant "occupied certain premises in the city of Yonkers, owned by the plaintiff, under and in pursuance of an agreement made between said plaintiff and said defendant, whereby said defendant agreed to pay therefor the sum of $313, but has paid no part thereof except the sum of $200.50." This allegation was in some respects plainly so indefinite or uncertain that the precise meaning or application thereof was not apparent. Code Civ. Proc. § 546. A motion to make it more definite and certain might, therefore, properly have been entertained and granted, if such application had been seasonably made. In an action for use and occupation, a complaint which refers to the property alleged to have been occupied only as "certain premises" is not sufficiently definite and certain. Gustaveson v. Otis (Sup.) 27 N. Y. Supp. 280. The complaint in such an action as this should also show the rate at which the rent is claimed, or the period of time during which the rent is alleged to be in arrears. Waters v. Clark, 22 How. Prac. 104. But,

notwithstanding the indefinite character of the principal allegation in this complaint, the defendant had lost his right to the remedy provided by section 546 of the Code of Civil Procedure. By virtue of a stipulation between the attorneys for the respective parties, an order had been duly entered in the action, setting aside a final judgment upon demurrer which had previously been entered therein, declaring that the action should be considered in all respects as though no demurrer had been interposed, and as though there had been no proceedings other than the service of the summons and complaint, and providing that defendant should have 10 days from the entry of the order within which to answer the complaint. This extension of time, without the reservation of any right to make a motion in respect to the complaint, was fatal to the application to have the complaint made more definite and certain. Brooks v. Hanchett, 36 Hun, 70. In the case cited the defendant had procured extensions of time to answer or demur both by stipulation of the plaintiff and the order of the county judge, in neither of which did he reserve the right to move to correct the complaint. The general term in the Fifth department unanimously held that this was a waiver of all objections to the complaint, and a bar to a motion to make it more definite and certain. There is nothing at variance with this decision in Peart v. Peart, 48 Hun, 79, for in that case the stipulation extending the time to answer included the privilege to the defendants to make any motion to the court which they might be advised.

The order appealed from should be reversed, and the motion denied, but without costs. All concur.