(28 Misc. Rep. 55.)

### McDONALD v. GREEN.

(Supreme Court, Special Term, New York County. June, 1899.)

1. PLEADING—INDEFINITE.
   Where the court can see the meaning of the allegations with ordinary certainty, the pleading is not indefinite.
2. SAME—MOTION TO MAKE MORE DEFINITE AND CERTAIN—TIME.
   Under rule 22 of the general rules of practice, requiring that the motion to make complaint more definite and certain must be made before demurring or answering, and within 20 days from the service of the pleading, a motion made 21 days after service is too late.

Action by Catherine McDonald against Bartholomew P. Green. Motion to make complaint more definite and certain. Motion denied.

Arthur Falk, for the motion.
James J. Allen, opposed.

GILDERSLEEVE, J. This is a motion to make the complaint more definite and certain. The rule is that, if the court can see the meaning of the allegations with ordinary certainty, the pleading is not indefinite. See Madden v. Publishing Co., 10 Misc. Rep. 27, 30 N. Y. Supp. 1052, and cases there cited. The principal objection, however, urged by the plaintiff, in opposition to the motion, is that defendant has not complied with rule 22 of the general rules of practice by making his motion within 20 days after the service of the complaint, and that he has obtained an extension of his time to answer. Under the rule, it is true, the motion must be made before demurring or answering, and within 20 days from the service of the pleading. See rule 22 of general rules of practice; Brooks v. Hanchett, 36 Hun, 71. The defendant's time to answer would have expired on June 21, 1899, had he not procured an extension of 20 days by order, and this motion was made on June 22, 1899, 21 days after

the service of the complaint. It is also settled that an extension of time, without the reservation of any right to make a motion in respect to the complaint, is fatal to an application to have the complaint made more definite and certain. See Post v. Blazewitz, 13 App. Div. 125, 43 N. Y. Supp. 59. In the case at bar, however, the order extending defendant's time to answer formed part of the order to show cause why the complaint should not be made more definite and certain. This fact, I think, brought it within the exception set forth in the case of Post v. Blazewitz, supra. However, the fact remains that the motion was made too late to comply with the requirements of rule 22, and must, therefore, be denied, with $10 costs to abide the event.

Motion denied, with $10 costs to abide event.