SHERMAN v. McCARTHY.

(Supreme Court, Appellate Division, Third Department. January 6, 1904.)

1. PLEADING—ANSWER—STIPULATION EXTENDING TIME—WAIVER OF OBJECTIONS TO FORM.

A defendant, who had procured from plaintiff's attorney a stipulation extending the time for answering the complaint, without reserving any right to object to the complaint on the ground that portions of it were scandalous and redundant and the causes of action not separately stated and numbered, waived such objections.

Appeal from Special Term, Saratoga Court.

Action by Jennie L. Sherman against Sarah E. McCarthy. From an order denying the defendant's motion to strike out portions of the complaint as scandalous and redundant, and to require the plaintiff to separately state and number her causes of action, defendant appeals. Affirmed.

Appeal by the defendant from an order of the Saratoga Special Term dated the 11th day of July, 1903, and entered in the office of the clerk of the county of Essex on the 23d day of July, 1903, denying the defendant's motion to strike out portions of the complaint as scandalous and redundant, and to require the plaintiff to separately state and number her causes of action. The time for the defendant to answer, except for the stipulation extending such time, expired prior to the time when this motion was made. The motion papers herein were served personally on the attorneys for the plaintiff, and at the same time the defendant procured of the plaintiff's attorney a stipulation extending her time to answer the complaint, without reserving the right to make this or any motion relating to the form of the complaint.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Rowe & Pyrke, for appellant.
Edward T. Stokes, for respondent.

CHASE, J. The courts have quite uniformly held that, where a party procures a stipulation or an order extending his time to answer or demur, he waives all objections to the form of the complaint, unless the right to make a motion relating thereto is reserved in such stipulation or order. Thus, in Brooks v. Hanchett, 36 Hun, 70, where a motion was made for an order requiring the plaintiff to separate and number the several causes of action set forth in his complaint, and for an order directing that the complaint be made more definite and certain, an order was made at the Special Term requiring the plaintiff to separately state and number the several causes of action set forth in his complaint. The court at General Term reversed such order, and said:

"It appears that the defendant procured extensions of time to answer or demur, both by stipulation of the plaintiff and the order of the county judge, and in procuring the stipulation and order he did not reserve the right to move to correct the complaint. This was a waiver of all objections to the complaint and a bar to the motion. It involves an admission that the complaint is in form to require an answer."

In Smith v. Pfister, 39 Hun, 147, where a motion was made for an order directing that an amended complaint be set aside and held for

naught for the reason that it was insufficient as an amended complaint, the court say:

"The defendants had waived their right to make the motion by procuring an order extending their time to answer the amended complaint or demur without reserving the right to move to set it aside. The procuring of extension of time implies that the complaint is sufficient to require an answer or demurrer."

In Garrison v. Carr, 34 How. Prac. 187, where a motion was made to set aside a complaint as inconsistent with the summons, the court say:

"But I think that the defendant must be held to have accepted the complaint as it is, and to have waived the objection to its nonconformity to the summons. He has obtained an extension of time to answer, and this should be held an admission that the complaint was to be answered."

In Bowman v. Sheldon, 5 Sandf. 657, the court say:

"An order enlarging the time to answer should be regarded as an admission by the party obtaining it that he means to answer the complaint as it stands, and should therefore operate as a bar to a future motion for its alteration, unless by the terms of the order the right to make the motion is expressly given."

For many years there has been a formal rule of practice (Supreme Court Rule Present No. 22) prescribing the time within which certain motions relating to the pleadings must be made. Such rule is a bar to at least a part of the defendant's motion. The rule stated in the decisions quoted has not been limited to the motions enumerated in said Sup. Ct. Rule 22. It is a rule which results from the general principles relating to waiver, and as the necessary consequence and effect of a defendant obtaining a stipulation or order extending his time to plead without suggesting that the complaint is not in such form as he is entitled to have it before serving his answer or demurrer, and reserving in such stipulation or order the right to make a motion to have the complaint corrected.

In Southworth v. Bennett, 58 N. Y. 659, and Stokes v. Behrenes, 23 Misc. Rep. 442, 52 N. Y. Supp. 251, called to our attention by the appellant, it is held that the time when a party should be put to his election as to which of two inconsistent causes of action or defenses he will rely upon is in the discretion of the court. These decisions do not affect the respondent's contention in this case.

The order should be affirmed, with $10 costs and disbursements. All concur.