BONTA HOTEL CO. v. BENEDICT.

(Supreme Court, Appellate Term. January 10, 1912.)

1. PLEADING (§§ 317, 367*)—BILL OF PARTICULARS—OFFICE OF BILL.
    Where a defendant desires information as to whether an alleged agreement was verbal or written, he should move for a bill of particulars, instead of moving to make the complaint more definite and certain.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 954–962, 1173–1193; Dec. Dig. §§ 317, 367.*]

2. PLEADING (§ 367*)—MOTIONS—WAIVER—STIPULATIONS.
    A stipulation of counsel, extending defendant's time to answer and not reserving his right to move against the complaint, is a waiver of his right to move to make it more definite and certain.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1173–1193; Dec. Dig. § 367.*]

Appeal from City Court of New York, Special Term.

Action by the Bonta Hotel Company against Abraham Benedict. From an order granting defendant's motion to make the complaint more definite and certain, plaintiff appeals. Order reversed.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Wentworth, Lowenstein & Stern, for appellant.
Adam K. Stricker, for respondent.

SEABURY, J. The plaintiff appeals from an order granting defendant's motion to require the plaintiff to make its complaint more definite and certain by alleging whether the agreement referred to in the complaint is written or verbal, and, if verbal, the date of said agreement.

[1] The learned court below erred in making the order appealed from. The allegations of the complaint were sufficiently definite and certain. If the defendant desired further details, such details should have been furnished by a bill of particulars. It was within the office

---

*For other cases see same topic &'§ NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of a bill of particulars to supply the information which the defendant sought. Rouget v. Haight, 57 Hun, 119, 10 N. Y. Supp. 751.

[2] Moreover, it appears that a stipulation was entered into between the attorneys for the parties extending the defendant's time to answer. This stipulation did not reserve to the defendant the right to make a motion in respect to the complaint. This stipulation was a waiver of the right to move to make the complaint more definite and certain. Post v. Blazewitz, 13 App. Div. 124, 43 N. Y. Supp. 59.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.