PETERS v. MILLER et al.

(Supreme Court, Appellate Division, First Department.  April 19, 1912.)

PLEADING (§ 367*)—MOTION TO MAKE MORE DEFINITE—TIME.

An extension of time to answer or otherwise plead to a complaint, did not extend the time for moving to correct its form so as to make it more definite, and under General Rules of Practice, rule 22, such a motion, made after the extension, was too late.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1173–1193; Dec. Dig. § 367.*]

Appeal from Special Term, New York County.

Action by Gladys M. Peters against Lucy B. Miller, impleaded with another. From an order requiring the complaint to be made more definite and certain, plaintiff appeals. Order reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, SCOTT, and DOWLING, JJ.

Frederic C. Scofield, of New York City, for appellant.

Karl S. Deitz, of New York City, for respondent.

SCOTT, J. The action is upon a promissory note. The complaint, besides setting forth the consideration upon which the note was given, also contains allegations as to the circumstances under which it came into plaintiff's possession, which are clearly inserted in anticipation of possible defenses. The motion was that the plaintiff be required to separately state and number the causes of action; the moving defendant erroneously considering that more than one cause of action was undertaken to be stated.

The justice at Special Term did not grant this motion, but did require the complaint to be made more definite and certain, considering that it was "ambiguous and misleading." We are unable to discern any ambiguity or uncertainty about the pleading. It contains all the necessary and proper allegations in an action upon a promissory note. It contains other allegations which are not necessary to such an action. Whether they are proper or not it is not necessary to consider. Certainly they are unambiguous.

Furthermore, the motion was too late. Rule 22, General Rules of Practice. The defendant had obtained an extension of time to "answer or otherwise plead" to the complaint. This did not operate to extend the time for making motions to correct the form of the complaint. Sherman v. McCarthy, 90 App. Div. 542, 85 N. Y. Supp. 727.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes