bonds executed by the Metropolitan Surety Company as surety, which were existing liabilities on January 6, 1909, with $10 costs and printing disbursements to the appellant. All concur; HOWARD, J., in result.

(93 Misc. Rep. 189)

### MULINOS v. WALKOF et al.

(Supreme Court, Appellate Term, First Department. January 14, 1916.)

PLEADING ☞367—MOTION TO MAKE MORE DEFINITE AND CERTAIN—ORDER OPENING DEFAULT—EFFECT.

    Under General Rules of Practice, rule 22, providing that a motion to make a complaint more definite and certain must be made before answer, where defendant secured an order opening his default in pleading and giving him leave to answer, reserving no right to move that plaintiff be directed to serve an amended complaint, separately stating and numbering causes of action, or to elect on which cause of action he would proceed, the order to that effect resulting from such motion was improper; the application for the order opening the default being a waiver of all objections to the complaint.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 64, 1173–1193; Dec. Dig. ☞367.]

Appeal from City Court of New York, Special Term.

Action by Gerald Mulinos against Harry Walkof, impleaded with others. From an order directing the plaintiff to serve an amended complaint, separately stating and numbering the causes of action, or to elect on which cause of action he will proceed, he appeals. Order reversed, and the motion on which it was made denied.

Argued January term, 1916, before GUY, BIJUR, and GAVEGAN, JJ.

Herman Kahn, of New York City, for appellant.
Harry M. Peyser, of New York City, for respondents.

GAVEGAN, J. The complaint in the action was served on the defendant on October 25, 1915, and defendant's time to answer expired on November 1, 1915. On that day defendant made a motion to compel plaintiff to separately state and number the causes of action, which was dismissed by reason of defects in the moving papers. Thereupon, being in default in serving an answer, he applied to the court for an order opening said default and for time to plead. Said motion was granted, and in the order entered therein it was provided:

    "That the defendant be permitted to serve the proposed answer, upon payment of $10 costs, said costs to be paid and answer served within five days of the date of the entry of the order."

On the same day defendant paid the $10 costs provided for in the order, but failed to serve an answer, and instead made the motion which resulted in the order appealed from.

Rule 22 of the General Rules of Practice provides that a motion to make a complaint more definite and certain must be made before answer. The order opening his default in pleading gave defendant leave

to answer, but did not reserve to him the right to make the motion resulting in the order appealed from, nor was any right given him by stipulation. There was, therefore, a waiver of all objections to the complaint and a bar to the motion. Brooks v. Hauchet, 30 Hun, 70; Post v. Blazewitz, 13 App. Div. 124, 43 N. Y. Supp. 59.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.