WILLARD A. WALSH, on Behalf of Himself and All Other Stockholders of MORANA INCORPORATED, Appellant, v. VAN AMERINGEN-HAEBLER, INC., et al., Defendants, and ARNOLD L. VAN AMERINGEN et al., Respondents.

(Argued October 15, 1931; decided November 17, 1931.)

*John Marx* for appellant. The wrongful acts of the defendants are sufficiently pleaded to sustain a cause of action. (*Velsor* v. *Freeman*, 118 Misc. Rep. 276; *Bay Court Estates* v. *Dickinson*, 194 N. Y. Supp. 190; *Deutsch* v. *Textile Waste Mfg. Co.*, 212 App. Div. 681; *Young* v. *Equitable Life Assurance Society*, 112 App. Div. 760; *German-American Coffee Co.* v. *O'Neil*, 167 App. Div. 928; 216 N. Y. 726; *Brennan* v. *Barnes*, 133 Misc. Rep. 340; *Continental Securities Co.* v. *Belmont*, 75 Misc. Rep. 237; *Bosworth* v. *Allen*, 168 N. Y. 157; *Fitchett* v. *Murphy*, 46 App. Div. 185; *Carr* v. *Kimball*, 153 App. Div. 825; *Sage* v. *Culver*, 147 N. Y. 245; *Lozier Motor Co.* v. *Ball*, 53 Misc. Rep. 382; *Billings* v. *Shaw*, 209 N. Y. 279; *Scharf* v. *Warren-Scharf Paving Co.*, 15 App. Div. 481.)

*John F. Condon, Jr.*, and *Spier Whitaker* for respondents. The complaint fails to state facts sufficient to constitute a cause of action. (*Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121; *Ringler* v. *Jetter*, 206 App. Div. 478; *Continental Securities Co.* v. *Belmont*, 206 N. Y. 7; *O'Connor* v. *Virginia Passenger & Power Co.*, 184 N. Y. 46; *Fleitmann* v. *United Gas Improvement Co.*, 174 App. Div. 781; *Hart* v. *Mead*, 186 App. Div. 962; *Page* v. *St. Lawrence Condensed Milk Corp.*, 213 App. Div. 336; *Beatty* v. *McCutcheon*, 200 App. Div. 869; *Meisel* v. *Central Trust Co.*, 179 App. Div. 795; *DeJonge* v. *Behrman Co.*, 148 App. Div. 37; *Nauss* v. *Nauss Brothers Co.*, 195 App. Div. 318; *Peabody Co.* v. *Insurance Co.*, 210 App. Div. 261; *Ellis* v. *Keeler*, 126 App. Div. 343; *Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113; *Holmes* v. *St. Joseph Lead Co.*, 168 App. Div. 688; 217 N. Y. 619; *Holmes* v. *Crane*, 191 App. Div. 820; 232 N. Y. 571; *People* v.

*Equitable Life Assurance Society*, 124 App. Div. 714; *Flynn* v. *Brooklyn City R. R. Co.*, 158 N. Y. 493.)

*Per Curiam.* The allegation that the directors voted themselves excessive salaries is sufficient to call upon the defendants to answer the complaint, even if the other allegations be disregarded as indefinite.

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.