ALBERT S. OSHRIN, Appellant, v. CELANESE CORPORATION OF AMERICA, Respondent, et al., Defendants.

Argued June 17, 1943; decided October 21, 1943.

*Louis Susman* for appellant. The corporate defendant was without standing to move to dismiss the complaint as against itself.ₐ (*Flynn v. Brooklyn City R. R. Co.* 158 N. Y. 493; *Brinckerhoff* v. *Bostwick,* 88 N. Y. 52; *O'Connor* v. *Virginia Passenger & Power Co.,* 184 N. Y. 46; *Young* v. *Equitable Life Assur. Soc.,* 112 App. Div. 760; *Monahan* v. *Kenny,* 248 App. Div. 159; *Godley* v. *Crandall & Godley Co.,* 181 App. Div. 75, 227 N. Y. 656; *Meinhard* v. *Salmon,* 249 N. Y. 458.) The complaint is abundantly replete with acts of abuse of the fiduciary relationship committed by the defendant-directors for their own personal profit with respect to inflated dividends, excessive salaries, use of the corporate fund for private purposes and the agreement of 1933, and it was therefore error, on the merits, to dismiss the complaint. (*Brinckerhoff* v. *Bostwick,* 88 N. Y. 52; *Pollitz* v. *Wabash R. R. Co.,* 207 N. Y. 113; *Kavanaugh* v. *Kavanaugh Knitting Co.,* 226 N. Y. 185; *Everett* v. *Phillips,* 288 N. Y. 227; *Liebman* v. *Auto Strop Co.,* 241 N. Y.

427; *Sage* v. *Culver,* 147 N. Y. 241; *Frank* v. *Carlisle,* 282 N. Y. 507; *Walsh* v. *Ameringen-Haebler, Inc.,* 257 N. Y. 478; *Gerdes* v. *Reynolds,* 281 N. Y. 180; *Winter* v. *Anderson,* 242 App. Div. 430; *Geddes* v. *Anaconda Mining Co.,* 254 U. S. 590; *Hine* v. *Lausterer,* 135 Misc. 397, 232 App. Div. 719, 257 N. Y. 523; *Godley* v. *Crandall & Godley Co.,* 212 N. Y. 121.)

*Samuel Gottlieb, I. Gainsburg and Robert Nias West* for respondent. The cross motion to dismiss the complaint was properly made by the defendant corporation, because: (a) its own independent interests were placed in peril by the restraints that plaintiff sought against the fulfillment of the corporation's contract with the defendants Dreyfus; and (b) since under recent statutory enactment (General Corporation Law, § 61-a) the corporation is charged with payment for the successful defense by directors of a derivative action, the corporation itself may protect its interests by actively opposing a groundless law suit. (*People* v. *Globe Mut. Life Ins. Co.,* 91 N. Y. 174; *Goldman* v. *Corn,* 111 App. Div. 674; *Godley* v. *Crandall & Godley Co.,* 181 App. Div. 75; 227 N. Y. 656; *Flynn* v. *Brooklyn City R. R. Co.,* 158 N. Y. 493; *Brock* v. *Poor,* 216 N. Y. 387; *New York Dock Co.* v. *McCollum,* 173 Misc. 106; *Weinberger* v. *Quinn,* 264 App. Div. 405, 290 N. Y. 635; *Hayman* v. *Morris,* 179 Misc. 265.) Both causes of action of the complaint are insufficient in law upon the face thereof. Plaintiff's pleading abounds in legal conclusions which find no support in the meagre facts alleged. (*Blaustein* v. *Pan American Petroleum & Transport Co.,* 263 App. Div. 97; *New York, Lake Erie & Western R. R.* v. *Nickals,* 119 U. S. 296; *Beveridge* v. *New York El. R. R. Co.,* 112 N. Y. 1; *Liebman* v. *Auto Strop Co.,* 241 N. Y. 427; *City Bank Farmers Trust Co.* v. *Hewitt Realty Co.,* 257 N. Y. 62; *Bryan* v. *Aikin,* 10 Del. Ch. 1; *Gallin* v. *National City Bank,* 152 Misc. 679; *Cox* v. *Leahy,* 209 App. Div. 313; *Bankers Trust Co.* v. *Dietz Co.,* 157 App. Div. 594; *Weinberger* v. *Quinn,* 264 App. Div. 405, 290 N. Y. 635; *Gerdes* v. *Reynolds,* 281 N. Y. 180; *Nicholson* v. *Close,* 258 App. Div. 488; *Glantz* v. *Blakely,* 264 App. Div. 197; *Lawyers' Advertising Co.* v. *Consolidated Ry. L. & Ref. Co.,* 187 N. Y. 395; *Hall* v. *Trans-Lux Daylight Picture Screen Corp.,* 20 Del. Ch. 78; *Burden* v. *Burden,* 159 N. Y. 287; *Wood* v. *Amory,* 105 N. Y. 278; *Rous* v. *Carlisle,* 261 App. Div. 432.) The

complaint is fatally defective in failing to allege a demand upon the corporation that suit be instituted and unreasonable refusal on its part to sue, or to plead facts establishing the futility of such a demand. (*Flynn* v. *Brooklyn City R. R. Co.*, 158 N. Y. 493; *Isaac* v. *Marcus*, 258 N. Y. 257; *Clifford* v. *Metropolitan Life Ins. Co.*, 264 App. Div. 168.)

LEHMAN, Ch. J. The allegation of paragraph twenty-first of the complaint " that the individual defendants as directors did, by common accord and understanding, and as part of the plan pursued by the defendants, Camille Dreyfus and Henry Dreyfus, for the general conduct of the business and affairs of the corporate defendant, combine their common voting strength and power as such directors so as to cause the appointment of all or nearly all of them to corporate positions paying very lucrative emoluments " is, standing alone, clearly insufficient to indicate that all or any of the individual defendants committed any wrong. The succeeding paragraphs specify " the annual salaries or other compensation received by them " and that " all or nearly all of the salaries so paid, as set forth in the two preceding paragraphs, are excessive and disproportionate to the services rendered therefor by the recipients thereof and were not fixed or paid in the best interests of the corporate defendant, but were so fixed and authorized, collectively, by said individual defendants solely for their personal gain and to the detriment of the corporate defendant." Though the allegation that a salary is " excessive " may perhaps in appropriate context be accepted as an allegation of fact rather than a conclusion of the pleader, yet in this case the allegations contained in paragraphs twenty-second and twenty-third entirely fail to show that *all* the individual defendants or any particular individual defendant either took part in voting an *excessive* salary to any director or received an excessive salary himself. Such allegations are insufficient to constitute a cause of action. *Walsh* v. *Van Ameringen-Haebler, Inc.* (257 N. Y. 478) is not authority to the contrary. Though in that case the court held that " the allegation that the directors voted themselves excessive salaries is sufficient to call upon the defendants to answer the complaint," we pointed out in the case of *Gerdes* v. *Reynolds* (281 N. Y. 180, at p. 185) that we so held because " proof and finding of such payment " (i. e., *payment* to all the directors of excessive sal-

aries voted to themselves by all the directors) "would, of course, dictate the conclusion that the directors must restore to the corporation the moneys which they had no right to take from its treasury." Here the complaint contains no allegations which would permit proof to support a similar finding against any defendant named in the complaint.

The judgment should be affirmed, with costs.

LOUGHRAN, RIPPEY, LEWIS, CONWAY and THACHER, JJ., concur; DESMOND, J., dissents and votes to reverse the judgments appealed from insofar as they dismiss the first cause of action and to deny the motion to dismiss on the ground that, under the rule of *Walsh* v. *Van Ameringen-Haebler, Inc.* (257 N. Y. 478) the allegations of paragraphs twenty-first, twenty-second and twenty-third state a cause of action.

Judgment affirmed.