Ferdinand Pécora, J.
This is an action for libel. Defendants move under rule 106 of the Rules of Civil Practice to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The grounds urged are that the complaint is insufficient because it has split into four separate causes of action the alleged claim for libel based upon a single publication, and that the alleged defamatory statements are not libelous per se and no special damages are pleaded. In opposition, plaintiff, at the outset, claims that defendants may not make this motion because they are in default in answering, and that the motion is not timely made. This contention must be disposed of before there can be any consideration of the merits of the application.
Under rule 106 of the Rules of Civil Practice a motion addressed to the sufficiency of the complaint must be made within 20 days after service of the complaint. Failure to do so does not prevent a defendant from raising the question of insufficiency, even after answer (Klippel v. Weil, 204 App. Div. 323; Koppel Ind. Car & Equip. Co. v. Portalis & Co., 205 App. Div. 144) but then the application is made for judgment on the pleadings under rule 112.
*1046 After the complaint herein was served, defendants moved to dismiss it under rule 107 of the Rules of Civil Practice on the ground that the action was barred by the Statute of Limitations. Except as to one defendant, that motion was decided adversely to the other defendants. The instant motion was made within 10 days after service of the copy of the order entered upon the prior motion.
Defendants contend that under section 283 of the Civil Practice Act, a party may as a matter of right, after the decision of a motion on a pleading, serve an answer within 10 days after service of notice of the entry of the order deciding the motion. They are correct in this contention, and consequently were not in default when the instant motion was made. But there remains the question as to whether the extension of time to answer granted by section 283 of the Civil Practice Act also extends the time to make motions addressed to the complaint. It has been held that an extension of time to plead does not extend the time to move with respect to a pleading. (Peters v. Miller, 150 App. Div. 249; Mulinos v. Walkoff, 93 Misc. 189.) Defendants could have made the present motion at the time they applied to dismiss the complaint under rule 107. To hold that section 283 of the Civil Practice Act extended the time to make motions as well as to plead' would permit a litigant to continue to make a series of motions, one after another, under the various rules and thus indefinitely extend his time to answer a complaint.
However, under section 98 of the Civil Practice Act this court is given the power to enlarge the time fixed by statute or rules for doing any act or taking any proceeding. In Fiorello v. New York Prot. Episcopal City Mission Soc. (217 App. Div. 510, 512) where a situation similar to the case at bar arose, the court said: “ We think, too, that section 98 of the Civil Practice Act gives the right to extend the time in which any kind of a motion may be made unless that sort of relief is specifically prohibited by statute, as set out in section 99 of the Civil Practice Act, or elsewhere.” In that case, defendant had moved to dismiss the complaint under rule 106, and after the motion was denied made a motion to strike out matter in the complaint under rule 103. The motion under rule 103 was not made in the time provided for in rule 105. The court excused the defendant’s delay in moving to strike out under rule 103 and considered the motion on the merits. It was also held there that the provisions of section 117 of the Civil Practice Act, as to the right to ask alternative relief, are permissive *1047 and not mandatory. A similar extension of time was granted in Lloyd v. Hogan & Sons (128 Misc. 665).
This court will, therefore, under the powers granted by section 98 of the Civil Practice Act, excuse defendants’ failure to make the present application within 20 days after service of the complaint, and will consider the motion on the merits.
The complaint sets forth four causes of action for libel, all of which causes are based upon the publication of a single article in the May, 1944 issue of “ The American Mercury ”. The alleged libel in each cause of action is the same article or part of it. An examination of the complaint discloses that the differences in the causes of action arc in the innuendoes alleged with respect to each.
In the case of torts, each act gives rise to only one cause of action 1 ‘ however numerous the items of wrong or damage may be.” (Secor v. Sturgis, 16 N. Y. 548, 558.) Thus a cause of action for defamation arising out of one publication is single and indivisible. (Theodore v. News Syndicate Co., 169 Misc. 136.) The complaint herein is, therefore, defective in that it split plaintiff’s alleged cause of action into four alleged causes. The motion to dismiss must, therefore, be granted with leave to plaintiff to serve an amended complaint curing that defect. In view of this disposition, the court does not consider the question as to whether the alleged defamatory matter is libelous per se. That objection can be raised if, and when, an amended complaint is served. Amended complaint is to be served within 15 days after service of a copy of the order to be entered hereon and notice of entry.
Settle order.