JOHN T. LOEW, on Behalf of Himself and All Other Stockholders of Interlake Iron Corporation and of Perry Furnace Company, Respondent, v. INTERLAKE IRON CORPORATION et al., Appellants, et al., Defendants.— In a stockholder's derivative action, appellants appeal from an order dated May 18, 1945, denying their motion, pursuant to rule 106 of the Rules of Civil Practice, to dismiss the second amended complaint on the ground that it does not state facts sufficient to constitute a cause of action; and from that part of an order dated July 10, 1945, which denied their motion pursuant to rule 103 of the Rules of Civil Practice, for an order striking paragraph " Twenty-seventh " from the said complaint as false, sham and prejudicial. Orders, insofar as appealed from, affirmed, with one bill of $10 costs and disbursements. The complaint is not defective because of the failure to make a prior demand on the corporation to bring the action. It is therein pleaded that the individual defendants constitute a majority of the board of directors and are the alleged wrongdoers. Under such circumstances, a prior demand is unnecessary. (*Jacobson* v. *Brooklyn Lumber Co.*, 184 N. Y. 152.) Moreover, the futility of a formal demand upon the corporation to institute suit is indicated by the allegations of the complaint that demand was made for the cancelation of the contracts which are the subject of attack in the action, and that such demand was unheeded. The allegations of the complaint that the fees charged for certain services " were exorbitant, and out of proportion to the value of the services rendered; " and that there was failure of consideration and impossibility of performance with respect to the contracts for such services, are conclusory and insufficient as allegations of fact. (*Gerdes* v. *Reynolds*, 281 N. Y. 180; *Oshrin* v. *Celanese Corporation of America*, 291 N. Y. 170; *Kalmanash* v. *Smith*, 291 N. Y. 142; *Davis* v. *Cohn*, 260 App. Div. 624.) However, the complaint may not be dismissed for failure to state facts sufficient to constitute a cause of action as the " Twenty-seventh " paragraph adequately pleads facts indicating that the corporation made payments for services which were to have been rendered to it without charge. The motion to strike out that paragraph was properly denied. (*Post* v. *Blazewitz*, 13 App. Div. 124; *Sherman* v. *McCarthy*, 90 App. Div. 542; *Peters* v. *Miller*, 150 App. Div. 249.) Lewis, P. J., Johnston, Adel, Aldrich and Nolan, JJ., concur. [See *post*, p. 906.]