Callahan, J.
This is an action by minority stockholders of the corporate defendant to compel past and present directors and officers to restore funds of the corporation alleged to have been improperly disbursed pursuant to a certain resolution creating a bonus plan for officers and employees and a subsequent resolution amendatory of the plan as established. These resolutions were duly approved and adopted by the stockholders of the company.
There are nine causes of action alleged in the amended complaint, of which the third, fourth, fifth, sixth, seventh and ninth have been dismissed for insufficiency on motion by the defendants.
The plaintiffs appeal from the dismissal of the third, fourth and seventh causes of action. We find that these causes of action were properly dismissed and see no reason for extended discussion on this branch of the appeal.
' The defendants’ appeal is concerned with the denial of their motions for dismissal of the first and eighth causes of action and also to strike various paragraphs and certain subdivisions *22 of another paragraph of the first cause of action as sham, frivolous, etc.
The first cause óf action is based on certain alleged miscalculations by various defendants in computing bonus allotments. The defendants contend that the allegations are vague, conclusory and consist of general charges unsupported by any statement of facts sufficient to show wrongdoing. They further assert that the allegations fail to connect any particular defendant with the alleged miscalculations and thus fail to state a cause of action against all. "
We find that this cause of action is sufficiently pleaded. The test to be applied is whether fraud, palpable error equivalent to bad faith, or erroneous interpretation of the bonus resolution has been adequately alleged by the plaintiffs. It is conceded that at least one of the charges of miscalculation is sufficiently supported by factual allegations. The complaint alleges that the profits of the corporation and the bonuses based thereon were computed and paid under the supervision of all the defendants who participated in the amounts distributed. This and other allegations establish. prima facie participation by all the individual defendants. Assuming the truth of the facts alleged, as we must for the purposes of this motion, we find that the motion to dismiss the first cause of action was properly denie'd.
With respect to the separate paragraphs of the first cause of action attacked as sham, frivolous, etc., we likewise hold that the motion to strike was properly denied. To establish an allegation as sham the moving party has the burden of clearly demonstrating that it is without factual-basis (Brandt v. Cohn, 252 App. Div. 649). It may not be said that any part of a pleading is frivolous unless the allegations are so clearly and incontrovertibly void of significance or futile in point of law as to indicate bad faith on the part of the pleader in alleging such matter. This must appear upon a mere inspection of the pleading and without the necessity of argument (General Investment Co. v. Interborough R. T. Co., 235 N. Y. 133, 138; Cook v. Warren, 88 N. Y. 37; Youngs v. Kent, 46 N. Y. 672; Dancel v. Goodyear Shoe Machinery Co., 67 App. Div. 498). When these tests are applied, we consider that the paragraphs of the complaint under attack as sham, frivolous, etc., were rightly permitted to stand.
By these rulings it is intended merely to indicate that we find some allegations of ultimate fact set forth, although there are numerous charges wholly general, vague and conclusory in nature contained in the first cause of action. In this connection we are mindful of the fact that it would be unjust to submit *23 the individual defendants and the corporation to the considerable expense incidental to an examination before trial based on such vague and general charges. It does not follow, however, that an examination before trial will be granted simply because the complaint survives a motion to dismiss for insufficiency or parts thereof are held not to be sham or frivolous in nature. Such an examination rests to a large extent within the discretion of the court. We have heretofore indicated that unless supported by factual .allegations of evidentiary value to establish the charges of improper conduct, an examination may be denied in this class of action or limited to' specific acts of wrongdoing alleged in the complaint (Price v. Groves, 258 App. Div. 35).
The eighth cause of action has to do with the amendment of the bonus plan, which provided for bonuses computed on net profits of the company before taxes instead of after deductions for taxes. The complaint alleges that the individual defendants “ failed to disclose the purposes of the amendment and improperly voted their stock therefor. It also states that by reason of the operation of taxes the bonuses paid to the defendants netted them an unconscionable portion of the net profits out of all proportion to the profits of the company. It is further alleged that the individual defendants failed to limit the bonuses to amounts bearing some reasonable relation to the value of the services rendered by the recipients. There are additional allegations that in certain instances the salaries and bonuses of some defendants reached an amount in excess of $100,000 each per annum.
The defendants assert that the statement of this cause of action is insufficient under the rule of Gamble v. Queens County Water Co. (123 N. Y. 91), holding that a mere difference of opinion among stockholders will not justify the intervention of a court of equity, that ordinarily the will of the majority governs, and that the courts will furnish no redress, unless it is plainly shown that the action is so prejudicial to the interests of the company as to lead to the clear inference that outside interests were being served regardless of the consequences to the company. If the sufficiency of the eighth cause of action depended solely on those allegations with reference to the. actions of the defendants as stockholders, there might be some force to the defendants’ argument. We find, however, other allegations of asserted wrongdoing sufficient to overcome their objections on this ground.
Neither can the defendants successfully urge that the statement of the eighth cause of action on its face shows no excessive *24 or illegal compensation to have been distributed or waste committed. This contention has been advanced on the basis of the allegations in the complaint regarding receipt of payments in excess of $100,000 per annum by some of the directors and officers of the company. This cause of action appears to be based on the rule announced in Rogers v. Hill (289 U. S. 582) to the effect that in the distribution of corporate bonuses to officers and employees the reward should have some reasonable relation to the value of the services for which it is given and must not be a misuse or waste of corporate funds or a scheme for distribution of profits under the guise of compensation without any relation in fact to services rendered. In that case it was held that payments which are prima facie in excess of such reasonable amount will warrant investigation by a court of equity.
The defendants refer us to cases in which sums paid to directors of other companies were several times greater than $100,000 per annum and found not to constitute waste. (See Heller v. Boylan, 263 App. Div. 815; Winkelman v. General Motors Corporation, 39 F. Supp. 826.) These cases, however, were not decided upon a motion to dismiss the complaint for insufficiency. The first involved a trial on the merits, and the second a motion for summary judgment. For may the defendants rely on Oshrin v. Celanese Corporation of America (291 N. Y. 170), where the court held insufficient a complaint charging directors with payment of excessive salaries that in some instances had surpassed $180,000 per annum. As we read that decision, it was not based upon a finding that such payments were not excessive as a matter of daw. In that case it was simply alleged that the directors of the company did “ combine their common voting strength and power ” so as to affectuate a wrongful result. The complaint was dismissed in the absence of allegations showing that all or any of the individual defendants committed any wrong.
In the present case we may not say upon the face of the complaint that the sums mentioned in the eighth cause of action did not constitute waste. In Gallin v. National City Bank of New York (152 Misc. 679, 703), it was pertinently said that “ To come within the rule of reason the compensation 'must be in proportion to the executive’s ability, services and time devoted to the company, difficulties involved, responsibilities assumed, success achieved, amounts under jurisdiction, corporation earn-, ings, profits and prosperity, increase in volume or quality of business or both, and all other relevant facts and circumstances; *25 nor should it be unfair to stockholders in unduly diminishing dividends properly payable.” We have little or no information in the present pleading with regard to many of these factors and elements relevant for consideration on the question of waste of corporate assets.
The orders, so far as appealed from, should be affirmed, without costs to either party.