Callahan, J.
The issue on this appeal concerns the sufficiency of the complaint in a minority stockholder’s suit against the individual defendants as directors of the defendant New York Ambassador, Inc. The gist of the complaint is that the directors violated their duties in making a certain management contract for the operation of the hotel owned by the corporation.
The board of directors of the corporate defendant consists of the plaintiff Zauderer and the four individuals named as defendants in this action. The defendant Atkinson owns 63% of the corporate stock and is the manager retained under the contract in question. He did not vote on the question of the approval of that contract. There was no personal benefit derived from the contract by the three defendants-directors of the corporation who voted in favor of the employment agreement.
On the authority of Kalmanash v. Smith (291 N. Y. 142), the Special Term dismissed the complaint for insufficiency as against the defendants-respondents on the ground that it failed to allege facts as distinguished from legal conclusions to show wrongdoing on their part amounting to fraud or conduct so oppressive as to be the equivalent of fraud. It was held that the pleading showed no more than a difference of opinion entertained by the plaintiff stockholders in respect to the wisdom of the management contract and the value of the manager’s services, with which the court would not interfere as a matter involving solely a question of business judgment.
In Kalmanash v. Smith (supra), and Oshrin v. Celanese Corporation of America (291 N. Y. 170), the defendants who were charged with misconduct did not constitute a majority of the board of directors. This circumstance furnishes a significant basis for distinction between such cases and the present action, in which the defendants-respondents comprise a majority of the directorate responsible for adoption of the management contract with the defendant Atkinson that is claimed to be improvident and wasteful of the assets and profits of the corporate defendant.
While the complaint in this case contains some general and conelusory statements of wrongdoing, we find that it also alleges facts sufficient to state a cause of action against the defendants-respondents.
*377 The complaint alleges that the defendant Atkinson by virtue of his ownership and control of a majority of the voting stock elected the defendants-respondents as corporate directors, that the said defendant has absolute control and domination over the affairs of the company, and that the defendants-respondents who have never been financially interested in the corporation are merely dummies subject to his direction and control. It is further alleged that the defendants-respondents in voting to approve the management contract failed to exercise their honest and unbiased judgment in the interest of the corporation and its stockholders and that they "acted in bad faith and for the purpose of appropriating to the defendant Atkinson the corporate assets and profits over and above the amount to which he would be normally entitled as an employee and stockholder.
The employment agreement with the defendant Atkinson provides that he shall receive compensation at the rate of $1,000 per month, an apartment and maintenance for himself and family, plus an amount at the end of each calendar year equal to one half of the net earnings of the corporation up to but riot exceeding 1 %% of the gross receipts, nor to exceed the sum of $20,000 per year until payment shall have been made on all cumulative interest in arrears on certain outstanding obligations of the corporation. It is alleged that based on current earnings this arrangement will bring a return to the defendant Atkinson greatly in excess of the value of his services and far more than is paid for similar services by any corporation of the same or even greater size engaged in a business of like character and that such compensation will be paid out of the net profits of the corporate defendant which ought rightfully be devoted to legitimate corporate purposes.
Assuming the truth of the allegations pleaded, as we must upon a motion to dismiss for insufficiency, we think that the complaint states facts prima facie in fraud of rights belonging to minority stockholders of the defendant corporation and that the charges warrant the intervention of a court of equity.
The order should be reversed, with $20 costs and disbursements to the appellants and the motion denied, with leave to the defendants-respondents to answer within ten days after service of order with notice of entry, on payment of said costs.
Dore and Cohn, JJ., concur; Glexxox, J., dissents and votes to affirm.
Order reversed, with $20 costs and disbursements to the appellants and the motion denied, with leave to the defendants-respondents to answer within ten days after service of a copy ! of order, with notice of entry thereof, on payment of said costs. ' [See post, p. 995.]