Cohn, J.
(dissenting). Upon a motion to dismiss the complaint for legal
insufficiency under rule 106 of the Rules of Civil Practice, the whole of the pleading must be considered and, if in any aspect upon the facts stated the plaintiff is entitled to recover, defendants may not prevail (Condon v. Associated Hosp. Service, 287 N. Y. 411, 414).
This derivative stockholder’s suit is brought by the owner of 53.5% of the stock of the corporation. Allegations set forth in paragraph 8 of the complaint to the effect that the individual defendants in violation of their duties as directors and officers of the corporation “ paid to themselves, and to third persons designated by them but who did not render • commensurate services to the Corporation, excessive salaries and bonuses, and other compensation *950 in the guise of reimbursement for alleged traveling and entertainment expenses ”, were clearly sufficient to sustain the complaint. On repeated occasions our highest court has held such allegations sufficient to state a cause of action (Walsh v. Van Ameringen-Haebler, Inc., 257 N. Y. 478, 480; Gerdes v. Reynolds, 281 N. Y. 180, 186; Kalmanash v. Smith, 291 N. Y. 142, 156-157; Jacobson v. Brooklyn Lbr. Co., 184 N. Y. 152; Brinckerhoff v. Bostwick, 88 N. Y. 52).
Special Term properly held that the complaint was legally sufficient and that it should not be dismissed. The court’s ruling denying the motion to strike out certain paragraphs of the complaint and requiring plaintiff to make the complaint more definite and certain and to separately state and number her causes of action was also correct.
Accordingly, I dissent and vote to affirm the orders appealed from.
Callahan, Van Voorhis and Shientag, JJ., concur in Per Curiam opinion; Cohn, J., dissents in an opinion in which Glennon, J. P., concurs.
Orders reversed, with one bill of $20 costs and disbursements to appellants, and motions to dismiss granted, with leave to plaintiff to serve an amended complaint, setting forth facts showing the misconduct complained of and approximate dates thereof.