Jacob J. Schwartzwald, J.
Plaintiff moves, pursuant to section 98 of the Civil Practice Act to extend its time to reply to defendant’s counterclaim and for leave to serve such reply.
Movant contends in substance that following the receipt of defendant’s answer and counterclaim on April 7, 1959, the records of this case were, through clerical oversight, inadvertently filed among the closed matters in his office and by reason of this error no reply was interposed; that this oversight came to light early in November when the misfiling was discovered, whereupon a reply was prepared, sent to defendant’s attorney and the latter on November 19, 1959 immediately returned same as not timely and contrary to section 274 of the Civil Practice Act.
Under the circumstances here presented, no prejudice can result to defendant in allowing the reply to be served at this time. Parties should be permitted to litigate any and all claims so that justice can be done between them (Harriss v. Tams, 258 N. Y. 229; Stroock & Co. v. Joseph Lichtenthal, Inc., 225 App. Div. 732). Under section 98 of the Civil Practice Act this court is given the power to enlarge the time fixed by statute or rules for doing any act or taking any proceeding (Hartmann v. American Mercury, 12 Misc 2d 1045, 1046).
Since it appears that plaintiff’s default was neither willful, intentional, nor deliberate, the misfiling error should be disregarded in view of the attitude of the courts to look with tolerance upon errors and defects if they may be rectified without affecting substantial rights (Valenza v. State of New York, 14 Misc 2d 128,138).
Accordingly the motion is granted in toto. The reply as proposed is to be served within 10 days after service of a copy of this order with notice of entry. Submit order.