John W. Rehfuss, J.
This is an action for work, labor and services, commenced by service of a summons and verified complaint on November 5, 1959. Issue was joined by defendant’s answer and the matter set for trial. By order to show cause returnable on the trial date (viz. Feb. 5, 1960) defendant moved to dismiss this action on the ground there was another pending in Supreme Court. The Supreme Court action — an equitable one — was brought by defendant Bono against numerous parties. Although those papers are not before this court, plaintiff Richter was named as a defendant therein and a counterclaim for foreclosure of a mechanic’s lien was entered, on his behalf.
By written stipulation, the attorneys for both parties have agreed to submit this motion for decision. If defendant’s motion is granted, this case is to be dismissed without prejudice; if *639 denied, plaintiff is to have judgment in the sum of $1,175, without costs.
Defendant relies on subdivision 3 of rule 106 of the Rules of Civil Practice which provides that:
‘ ‘ After the service of the complaint, the defendant may serve notice of motion for judgment dismissing the complaint, or one or more causes of action stated therein, where it appears on the face thereof: * * *
“ That there is another action pending between the same parties for the same cause.”
Plaintiff’s main contentions why the motion should be denied are: (1) Plaintiff and defendant in this action do not occupy the same positions as in the Supreme Court action; (2) The causes of action are different; (3) Defendant waived his rights, by serving his answer; (4) The action in this court was instituted before the action in Supreme Court.
Defendant’s motion must be granted if he meets the requirements of subdivision 3 of rule 106 of the Rules of Civil Practice. Plaintiff, however, maintains that under the rule laid down in Westminster Presby. Church of West Twenty-Third St. v. Trustees of Presbytery of N. Y. (211 N. Y. 214) for the aforesaid rule to be effective, the ‘ ‘ other action pending ’ ’ must be one in which the present plaintiff is plaintiff and the present defendant is defendant. Plaintiff Richter, in the ease before ■this court, is defendant in the Supreme Court action and his counterclaim is claimed to be the “ other action pending.” Under the rule laid down in Cornell v. Bonsall (176 App. Div. 798) Richter must be considered as in the position of a plaintiff in the Supreme Court action insofar as his counterclaim is concerned and, therefore, this argument must fail.
Other arguments raised by plaintiff, however, are well taken and defendant’s motion must be denied.
Although subdivision 3 of rule 106 of the Rules of Civil Practice specifically requires that a motion be made within 20 days after the service of a complaint, defendant contends he did not waive his rights thereunder. He cites Hartmann v. American Mercury (12 Misc 2d 1045) as authority for extending the time to bring the motion under the discretionary powers of the court, provided by section 98 of the Civil Practice Act. An analysis of the Hartmann case (supra) indicates it is not in point. The motion in that case tested the sufficiency of the complaint and did not consider the requirements of subdivision 3.
If subdivision 3 of rule 106 is available to defendant, both the action in Supreme Court and the one before this court must be for the same cause. (Avery v. Title Guar. & Trust Co., 230 App. *640 Div. 519; Power v. Onward Constr. Co., 39 Misc. 707.) Although each arises out of the same transaction, one is for work, labor and services; the other, to foreclose a mechanic’s lien. These actions are not “ for the same cause ” and, therefore, may be maintained at the same time by different actions. (Power v. Onward Constr. Co., supra.)
Finally, defendant’s motion must be denied, because there was no ‘ ‘ other action pending ’ ’ at the time this action was commenced. The action in Supreme Court was instituted after the City Court action and relief under subdivision 3 of rule 106 was not available to defendant. (Avery v. Title Guar. & Trust Co., supra.)
Accordingly, defendant’s motion is denied. Judgment is granted to plaintiff, in the sum of $1,175, without costs, pursuant to stipulation of the attorneys. Execution thereof is stayed for 30 days from the date hereof.