JOSEPH BURKAN, Plaintiff, *v.* EX-LAX, INC., and Others, Defendants.

Supreme Court, Special Term, Kings County, July 22, 1938.

*Schwartz & Frohlich [Arthur Schwartz, Max H. Rose* and *Herbert P. Jacoby* of counsel], for the plaintiff.

*Edelman & Edelman [Irvin A. Edelman, Isidor Enselman* and *Clarence S. Barasch* of counsel], for the defendants.

STEINBRINK, J.   Defendants move to dismiss the complaint as insufficient in law and also on the ground that the cause of action therein alleged is barred by the Statute of Limitations.

Plaintiff sues not in a representative capacity but individually as the owner of eleven out of eighty thousand outstanding shares of stock of the defendant Ex-Lax, Inc.   The complaint is long and rambling, but the gravamen thereof is that the individual defendants, as officers and directors of the defendant Ex-Lax, Inc., have combined to depress the value of plaintiff's stockholding by increasing from time to time without justification the capitalization of the corporation and by reclassifying the corporate stock.   It is alleged that the increases, as consummated by the individual defendants, " were wrongful and illegal, and were an abuse of the trust and confidence reposed in them as directors, officers and the controlling stockholders of the corporation, and these acts were

perpetrated for the illegal purpose and with the wrongful intent of depriving the plaintiff of his just and proper share of the control, assets and profits of the corporation, to the unjust and improper enrichment and benefit of the individual defendants." In the absence of supporting facts, these general charges add nothing to the complaint.

Upon compliance with the statutory requirements the corporation, by a vote of the majority of its stockholders, might increase its capital stock. Plaintiff does not deny what the various certificates of increase recite, namely, that the increase in each case was authorized by a majority of the stockholders at a special meeting called for that purpose and that notice of such special meeting was mailed to each of the stockholders at his last known postoffice address at least two weeks before the meeting. Plaintiff does not claim that the increases were made in derogation of the applicable statute. Plaintiff does not claim that he was denied pre-emptive right to his proportionate share of the new stock issue. Stripped of all innocuous verbiage, the complaint simply charges a combination to accomplish an entirely lawful act. As such the complaint is patently defective.

Furthermore, it appears that even though a cause of action be stated, it has, nevertheless, been barred by the Statute of Limitations. Paragraph 10 of the complaint sets forth the various overt acts alleged to have been committed pursuant to the combination to depress the value of plaintiff's stock. The date of the last overt act in furtherance of this combination is January, 1928, or more than ten years before commencement of this action. Giving to the plaintiff the benefit of any doubt by assuming, without deciding, that the action is equitable in nature, it is plain that the ten-year Statute of Limitations (Civ. Prac. Act, § 53) has run. Plaintiff is not helped by his argument that the alleged acts of fraud were not discovered by him until some time in 1937, for the complaint itself refers to the various certificates of increase filed with the Secretary of State, which certificates recite that notice was given to all of the stockholders. As was said before, plaintiff does not deny receipt of such notices, but contents himself rather with a general allegation that he " had no knowledge of the scheme, conspiracy and illegal acts and concealments of the individual defendants herein complained of prior to " receipt of the corporate financial statement for the years 1936 and 1937. This general allegation is negatived by plaintiff's own admission that he received additional stock in 1918 and 1928. These shares of stock were issued pursuant to the various increases in capitalization here attacked. If the plaintiff did not have actual knowledge, he could,

by the exercise of only the slightest diligence, have acquainted himself with the actual facts, all of which are matters of public record and all of which are reflected in the records of the corporation.

Motion to dismiss complaint is granted.