JOHN GERDES et al., as Trustees of REYNOLDS INVESTING COMPANY, INC., Respondents, *v.* CLARENCE K. REYNOLDS et al., Appellants, Impleaded with Others.

Submitted May 15, 1939; decided July 11, 1939.

*Walbridge S. Taft, Edward Abbe Niles* and *G. William Shea* for appellants.

*Ethelbert Warfield, Lawrence S. Greenbaum, Theodore S. Jaffin* and *Harold Kronig* for respondents.

LEHMAN, J.   Alleging in the complaint that its moneys had been wasted or diverted from corporate purposes by the negligence or other wrongs of its directors, Reynolds Investing Company brought this action against its directors and other persons who, it is said, profited by or participated in the alleged wrongful acts.   Eight causes of action are joined in the complaint.   Clarence K. Reynolds and William F. Woodward challenge the fourth cause of action on the ground that it fails to allege facts sufficient to constitute a cause of action against them.   On the same ground the defendant-appellant Woodward challenges also the seventh cause of action.

The fourth cause of action charges that the defendants named therein constituted a majority of the board of directors of the corporation from its incorporation until December 31, 1937, and that during that time the property and effects of the corporation were wasted and squandered because the defendants as directors utterly failed or neglected to perform their official duties.   There are general allegations that the defendants " caused plaintiff to purchase large blocks of securities in other corporations in which said defendants, or some of them, were financially interested, or were interested as directors or officers, and permitted the money, property and effects of plaintiff to be wasted, and they negligently suffered and permitted the money of plaintiff to be loaned without adequate security by means whereof said moneys were lost to plaintiff."   Otherwise there is no attempt to set forth any specific wrongful act or default which may have caused damage to the corporation.

A complaint must state facts.   General allegations of wrongdoing based upon undisclosed facts do not state a

cause of action. (*Knowles* v. *City of New York*, 176 N. Y. 430; *Meisel* v. *Central Trust Co.*, 223 N. Y. 589, affg. 179 App. Div. 795.) The same general rules of pleading and proof which are applied in other actions must be applied in actions brought by a corporation against its directors for official misconduct. (*Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121.) A complaint may state facts sufficient to constitute a cause of action though the statement may lack definiteness and precision. An aggrieved party may, in such case, move for a bill of particulars or for an order to serve an amended pleading which will remove indefiniteness, uncertainty or obscurity (Rules of Civil Practice, rule 102), but a pleading which, fairly construed, fails to allege any *facts* which constitute a wrong but only general conclusions, is entirely insufficient and may be dismissed on that ground.

The business for which the Reynolds Investing Company was formed " involves," it is alleged, " the purchase and sale from time to time of securities of other corporations." A director of such a corporation who causes it to buy stock in a corporation in which he or other directors are financially interested, or interested as director or officer, does not act wrongfully if the purchase is made solely for the benefit of the corporation, and the director has not dealt " with himself as an individual, or in the character of trustee, director or officer of another corporation." (Cf. *Sage* v. *Culver*, 147 N. Y. 241, 247.) Mere possibility that the director might, directly or indirectly, make a personal profit from his official act might constitute reason for scrutiny of the transaction but does not itself render the act wrongful. The complaint here contains no express statement that either of the defendants-appellants made or expected to make any profit, directly or indirectly, or that his individual interests were or could be served by any purchase for which he voted; nor can any such allegation be read into the complaint by fair implication. Indeed, the complaint does not even state that either of the appellants was interested in any corporation whose securities were purchased, but

contains only a statement in the disjunctive that they *or* some of the directors were interested. That is, it is clear, no allegation of any wrongful act, and outside of that allegation only the barest general charges without disclosure of any facts are contained in the fourth cause of action.

We are told that complaints containing similar allegations have been sustained in earlier cases in this court. (*Sage* v. *Culver*, 147 N. Y. 241; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52, and *Walsh* v. *Van Ameringen-Haebler, Inc.*, 257 N. Y. 478.) Nothing said or decided in any of those cases supports the ruling here. In the last cited case the complaint was sustained only because it alleged that the defendants voted themselves excessive salaries. Proof and finding of such payment would, of course, dictate the conclusion that the directors must restore to the corporation the moneys which they had no right to take from its treasury. In *Brinckerhoff* v. *Bostwick* the opinion contains a general statement of the nature of the general charges contained in the complaint as a basis for its discussion of the question of whether the court had jurisdiction of the cause of action alleged and whether the action was brought by the proper plaintiffs against the proper defendants. An examination of the record on appeal shows that these general charges set forth in the opinion were supported by allegations of fact which were so clearly sufficient to constitute a cause of action that the defendants did not even argue otherwise in this court, and the court contented itself by saying that " we entertain no doubt of the sufficiency of the allegations of the complaint." (p. 61.) So, too, in *Sage* v. *Culver* (*supra*, p. 247) the plaintiff pleaded facts which, if proven, would conclusively show that the defendants as officers and directors " have made use of relations of trust and confidence in order to secure or promote some selfish interest " and would thus establish the right of the corporation to compel the unfaithful directors to restore funds to the corporate treasury which they depleted. Proof that the defendants in the case we are now considering had caused the corporation to purchase the

securities as alleged would be entirely consistent with complete innocence of any wrong on their part and would not establish any cause of action against the defendants.

The defendant Woodward challenges the sufficiency of the seventh cause of action, because it fails to allege that at the time he received moneys of the corporation without consideration he was a director of the corporation. That allegation is contained in other causes of action in the complaint, but is not incorporated by express reference in the seventh cause of action. Even without that allegation we find the cause of action sufficiently set forth. Proof that money was paid and received *as alleged* would, we think, conclusively establish a wrong for which the defendant would be answerable though not a director. Orders of Appellate Division and of Special Term modified to the extent that the motion to dismiss the fourth cause of action is granted, and otherwise affirmed, without costs.

The orders should be modified in accordance with this opinion and as so modified affirmed, without costs. The first and second questions certified are answered in the negative and the third question in the affirmative.

CRANE, Ch. J., HUBBS, LOUGHRAN and RIPPEY, JJ., concur; FINCH, J., concurs in result; O'BRIEN, J., taking no part.

Ordered accordingly.