SAMUEL LEECH and Others, Plaintiffs, *v.* HENRY **J.** FULLER and Others, Defendants.

Supreme Court, Special Term, New York County, November 29, 1939.

*Emil K. Ellis*, for the plaintiffs.

*Franchot & Schachtel*, for the defendants.

McLAUGHLIN, J.   This is a stockholder's derivative action and the relief sought on this motion is the dismissal of the first and second causes of action with other incidental relief involving the striking out of certain paragraphs of the complaint, and also to

separately state and number the alleged various transactions in the second cause of action.

The contention that the first cause of action in the amended complaint is insufficient in law is predicated entirely upon a decision of Mr. Justice COLLINS holding insufficient the third cause of action in the original complaint. Examination of the opinion of Mr. Justice COLLINS, the authorities cited by him, and the brief which the defendants submitted to him, reveals clearly that the third cause of action in the original complaint was dismissed solely because the only relief sought in connection with that cause of action was the removal of the individual defendants as directors and officers of the corporate defendant, a foreign corporation, and the holding of a new election. No judgment for damages against the individual defendants was sought except in connection with the other causes of action. It was for this reason that the dismissal of the third cause of action was based on the fact that " no authority in plaintiffs to maintain this cause appears." In the present complaint the prayer for removal of the defendants as directors and officers and for the holding of a new election is eliminated and in its place judgment is demanded for the damage caused to the defendant corporation by the acts of the individual defendants.

The first cause of action alleges that the defendants have deliberately and with reckless disregard of the best interests of the corporation caused corporate funds to be expended illegally, and dismantled and removed corporate plants, equipment and machinery at great expense and loss to the corporation, " not on legitimate, honest, prudent and reasonable business grounds, but solely for the purpose of discouraging, intimidating and punishing its employees by removing hopes of reemployment of the said employees by the defendant corporation." In the court's opinion a good cause of action is stated.

The second cause of action is insufficient. In the first place the allegations regarding the excessive salary and other payments to be paid some of the defendants are nullified by the allegation regarding the ignorance of the amounts. They are either excessive or they are not. Mere statement that they are such, followed by allegations showing ignorance of the amounts paid, necessarily negatives any excessiveness. The sufficiency of the second cause of action then depends upon the allegations regarding the granting, without consideration, of stock purchase options to James H. Rand, Jr., and other defendants entitling them to purchase stock at fifteen dollars a share for the period of the options. An analysis of the pleading reveals that there is no allegation that the options permitted the grantees thereof to purchase stock at less than the

market value or the fair and reasonable value of the stock. The complaint is, therefore, consistent with the situation that would reveal that the stock at all times during the period of these options was worth less than fifteen dollars a share. Under the circumstances the most that is alleged is a discrimination between the public generally and some of the defendants as to the amount for which they could purchase stock under options. It would appear that this is not sufficient as a basis for a cause of action in favor of the corporation against the directors who authorized the options and those who received them without allegations showing that the options were exercisable or were exercised for prices lower than the value of the stock. It is obvious that if the corporation receives the full value of the stock it suffers no loss. The remaining allegations in the second cause of action consist of conclusions without ultimate facts to support them, and the cause of action must be dismissed with leave to replead.

The alternative part of the notice of motion becomes academic as the paragraphs assailed are all contained in the second cause of action.

To the extent that it is sought to compel the service of an amended complaint in which each cause of action shall be separately stated and numbered, the motion is denied. (*Broderick* v. *Marcus*, 146 Misc. 240; affd., 239 App. Div. 816.)

Motion to dismiss the first cause of action is denied. Motion to dismiss the second cause of action is granted with leave to plead over within twenty days after service of notice of entry of the order to be entered hereon. Settle order.