BETTY DAVIS and Others, Individually and on Behalf of All Other Stockholders of Defendant COLUMBIA PICTURES CORPORATION, Respondents, Appellants, *v.* JACK COHN and Others, Appellants, Respondents, Impleaded with MARY BRANDT, as Executrix, etc., of JOE BRANDT, Deceased, and Others, Defendants.

First Department, November 1, 1940.

*Joseph L. Young* of counsel [*Sidney Goldstein* and *Joel Mencher* with him. on the brief; *Joel Mencher*, general counsel], for the respondents-appellants.

*Louis D. Frohlich* of counsel [*Herbert P. Jacoby* with him on the brief; *Schwartz & Frohlich*, attorneys], for the appellants-respondents.

COHN, J.   We think that the sixth cause of action is insufficient in law and should have been dismissed.   Paragraph 74, upon which the cause is predicated, reads as follows:

" 74. That at various times, the defendants, Jack Cohn, Joe Brandt, and Harry Cohn, transferred to themselves or caused to be transferred for their individual or joint benefits, various sums of money or other assets of the Columbia Pictures Corporation without any resultant benefit to the corporation and to its damage.   That such transfers were without notice to the stockholders and were to the resultant damage to the corporation."

To sustain this cause of action, the pleader should set forth not mere conclusions but facts constituting the misconduct complained of, so as to enable defendants intelligently to answer the charges.   The correct rule was recently enunciated by the Court of Appeals in *Gerdes* v. *Reynolds* (281 N. Y. 180).   There LEHMAN, J., writing for the court, said: " A complaint must state facts. General allegations of wrongdoing based upon undisclosed facts do not state a cause of action.   (*Knowles* v. *City of New York*, 176 N. Y. 430; *Meisel* v. *Central Trust Co.*, 223 N. Y. 589, affg. 179 App. Div. 795.)   The same general rules of pleading and proof which are applied in other actions must be applied in actions brought by a corporation against its directors for official misconduct.   *   *   * "

For like reasons, the third cause of action is insufficient as to defendants other than Harry Cohn, Jack Cohn and Abraham Schneider.   In this cause of action it is stated: " That the other individual defendants herein were likewise receiving salaries and sums of money for services rendered, the exact amounts of which are unknown to the plaintiffs."   There are additional allegations, vague and indefinite, to the effect that the salaries paid to the other individual defendants were far in excess of the value of the services rendered, and that defendant corporation " was caused to pay to the individual defendants large sums of money as expenses," and that such sums were never expended for the benefit of the corporation.

It affirmatively appears, however, that the salaries paid and the " exact " amount of the alleged excessive payments to these indi-

vidual defendants are unknown to plaintiffs. What factual basis there can be for the conclusory allegations that the salaries were " far in excess of the value of the services to be rendered " and that the sums of money for expenses were caused to be paid to defendants without adequate consideration therefor, does not appear. This court has held that a mere statement that salaries and other payments are excessive, followed by allegations showing ignorance of the amounts paid, necessarily negatives any claim of excessiveness. (*Leech* v. *Fuller*, 173 Misc. 543; affd., 259 App. Div. 816.) Moreover, at least one of the individual defendants, namely, Nathan Spingold, is not a director of defendant corporation.

To the extent that the third cause of action seeks to recover against defendants other than Harry Cohn, Jack Cohn and Abraham Schneider, it fails to set forth facts sufficient to constitute a cause of action.

In all other respects, we find the order appealed from to be correct.

The order, accordingly, so far as appealed from, should be modified by granting defendants' motion to dismiss the third cause cf action against all defendants except Harry Cohn, Jack Cohn and Abraham Schneider, and the sixth cause of action, and as so modified affirmed, with twenty dollars costs and disbursements to the defendants-appellants-respondents, with leave to plaintiffs to amend within twenty days after service of copy of the order upon payment of said costs.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Order, so far as appealed from, unanimously modified by granting defendants' motion to dismiss the third cause of action against all defendants except Harry Cohn, Jack Cohn and Abraham Schneider, and the sixth cause of action, and as so modified affirmed, with twenty dollars costs and disbursements to the defendants, with leave to the plaintiffs to serve an amended complaint within twenty days after service of order upon payment of said costs.