EFFE K. D. HOFFMAN, Plaintiff, *v.* GORDON ABBOTT et al., Defendants.

Supreme Court, Special Term, New York County, February 19, 1943.

*Hyler Connell* for defendants.

*Joseph Lewis Simon* for plaintiff.

SHIENTAG, J. Plaintiff, a stockholder of the General Electric Company, brings this derivative action on its behalf against a number of present directors and officers and former directors of the company for losses and damages claimed to have been sustained by the company and one of its subsidiaries, Carboloy Company, Inc., as a result of the alleged unlawful and wrongful acts of the individual defendants. The motion is to dismiss the complaint on the ground of insufficiency, the defendants claiming that no facts are alleged showing illegality of conduct, breach of fiduciary duty, waste of assets or damage to the corporations.

The complaint contains three causes of action. The first cause alleges that the defendant Carboloy Company, Inc. (hereinafter referred to as Carboloy), was organized in or about the year 1928, and that it is a wholly owned subsidiary of the defendant General Electric Company; that the officers and directors of Carboloy owed and still owe their offices and alle-

giance to the individual defendants who were and are officers and directors of General Electric and have failed and refused to exercise independent judgment, but have at all times acted and continue to act in accordance with the wishes and instructions of the officers and directors of General Electric, who at all times dominated and controlled the action of the board of directors of Carboloy.

In 1928, according to the first cause of action, the individual defendants entered into a conspiracy among themselves " to create a monopoly for General Electric " in hard metal compositions, et cetera, throughout the United States, and as a means of carrying out such conspiracy agreed to make contracts with Fried, Krupp Aktiengesellschaft of Essen, Germany (hereinafter referred to as Krupp), which held patents affecting hard metal compositions, et cetera, and which had licensed concerns in the United States to manufacture and sell under the patents, whereby patents owned by General Electric and by Krupp would be pooled and a monopoly effectuated in the United States.

It is then alleged, in substance, that at the time of entering into the conspiracy before-mentioned the individual defendants knew that the patents were invalid and could not be the basis of a patent monopoly.

Between the years 1928 and 1942, pursuant to the plan, scheme and conspiracy, the defendants, as officers and directors of General Electric, caused the latter and Carboloy, it is alleged, (1) to expend large sums of money to acquire patents or patent rights which the defendants knew were invalid, (2) to purchase or otherwise expend exorbitant sums of money to acquire businesses then engaged in or which threatened to engage in manufacture, sale or distribution of cemented tungsten carbide, (3) to expend large and exorbitant sums of money to procure surrenders of licenses granted to various corporations, (4) to employ and pay large salaries to the owners or executors of businesses which they had compelled to go out of business although the services of the persons were not necessary to General Electric.

It is further alleged in the first cause of action that the individual defendants intended to and did expend large sums of money for the sole purpose of achieving the monopoly, with knowledge that neither General Electric nor Carboloy would receive corresponding profits, and the officers and directors of General Electric entered upon the policy, pursuant to the conspiracy, of subordinating profits to the accomplishment of the conspiracy. The moneys spent were unlawful, contrary to the

interest of the defendants General Electric and Carboloy, and were in violation of the fiduciary duty which the individual defendants as officers and directors of General Electric and Carboloy owed to their companies, and as a result the companies have suffered great loss and damage.

The second cause of action repeats all the allegations of the first and alleges that, as a result of the acts mentioned, indictments were returned under the Federal anti-trust laws against General Electric and Carboloy and certain individuals connected with these corporations, not the individual defendants herein. In 1942 the Attorney-General's office presented testimony to a Senate Patents Committee concerning the acts and conduct of General Electric and Carboloy covered by the indictments, which proceedings were made known to the public by the newspapers.

The individual defendants, as officers and directors of General Electric, caused that company, it is charged, to spend large sums of money for newspaper advertisements in justification of the acts of the defendants, which advertisements were untrue and in contradiction of testimony before the Senate Committee. These advertisements were published exclusively, the complaint alleges, to protect the reputations of the individual defendants and the monopoly program upon which they embarked, and they were not in the interest of General Electric or Carboloy. These acts, the complaint alleges, constituted waste of the assets of the corporations.

The third cause of action realleges the allegations of the first cause of action and then sets forth that in the course of and pursuant to the conspiracy outlined in the first cause of action the individual defendants caused General Electric and Carboloy to give special commissions, rebates or allowances to selected customers. At such times the laws of the United States, to wit, the Robinson-Patman Act (U. S. Code, tit. 15, §§ 13–13b, 21a), prohibited firms and corporations from discriminating against customers by giving special rebates or allowances to selected customers not given to all other customers. These acts, the third cause of action alleges, were illegal, as defendant knew or should have known, and constituted a waste of the property and assets of the corporate defendants.

In the recent case of *Weinberger* v. *Quinn* (264 App. Div. 405), the court, after referring to section 61-a of the General Corporation Law, which provides that the corporation pay the expenses of directors who are successful on the trial of this form of action, said: " When we find a stockholder * * * seeking to enforce alleged rights of his company, with the possi--

bility of subjecting it to these large statutory costs and expense in the event of failure, we think it is the duty of the courts to require at least the statement of more than a mere general charge of wrongdoing before resort to equity may be had.''

General charges of waste, dissipation of assets, extravagance, unlawful conduct, payment of exorbitant charges, and improvident management, will not suffice unless a factual basis for such conclusions is set forth with some degree of particularity. '' The courts have frequently pointed out that, in the absence of allegations of fact, as distinguished from conclusory characterization of acts as fraudulent or wrongful, a complaint in this form of action is insufficient. (*Gerdes* v. *Reynolds,* 281 N. Y. 180; *Rous* v. *Carlisle,* 258 App. Div. 781.) '' (*Weinberger* v. *Quinn,* 264 App. Div. 405, 409, *supra.*) The allegations of the complaint, therefore, that the acts complained of were unlawful and that the corporations on whose behalf the action is brought sustained a loss, are conclusions of law and must, in testing the sufficiency of the complaint, be disregarded. (*Knapp* v. *City of Brooklyn,* 97 N. Y. 520; *Talcott* v. *City of Buffalo,* 125 N. Y. 280.)

The complaint does allege that a conspiracy was entered into to create a monopoly for General Electric in hard metals and an agreement was entered into with Krupp, whereby patents owned by both would be pooled and a monopoly effectuated in the United States. Here, again, we have, for the most part, the conclusions of the pleader without any factual support. Moreover, no facts are alleged showing damage to the corporate defendants. There is no charge that the directors profited personally. No facts are set forth tending to show that Krupp, one of the parties to the alleged conspiracy, profited improperly at the expense of General Electric or Carboloy.

Simply labeling the agreement as a conspiracy to create a monopoly, standing by itself, does not charge an actionable wrong against the defendants. More is required. Facts must be alleged showing not only the creation of the monopoly, but that loss occurred in consequence thereof to General Electric and Carboloy. (*Herman* v. *Gutman,* 244 App. Div. 694.) Defendants' liability, if any, is not for entering into a conspiracy to create a monopoly, but for loss to their corporations sustained as the result of the commission of unlawful or improper acts. If loss did occur in consequence of any unlawful acts on the part of the defendants, facts must be set forth from which it may be determined (a) whether the acts charged were unlawful and (b) whether they did result in loss to the corporations involved. (*Diamond* v. *Davis,* 263 App. Div. 68; *Rous* v. *Car-*

*lisle,* 261 App. Div. 432, *supra; Lifshutz* v. *Adams,* 285 N. Y. 180; *Gerdes* v. *Reynolds,* 281 N. Y. 180, *supra; Burkan* v. *Ex-Lax, Inc.,* 168 Misc. 735.)

As stated by the Court of Appeals in the *Gerdes* case (*supra*): " There are general allegations that the defendants ' * * * permitted the * * * property and effects of plaintiff to be wasted * * *.' Otherwise there is no attempt to set forth any specific wrongful act * * * which may have caused damage to the corporation."

If it is sought to charge the defendants with waste, improvidence or negligence in the management of the affairs of the corporation, in violation of their fiduciary duty, facts, not conclusions, should be alleged. One gets the decided impression in examining the broad general allegations of this first cause of action that the plaintiff, the holder of an undisclosed number of shares of stock of General Electric, made not the slightest independent investigation to ascertain the facts or to verify, or even to set forth with any particularity, the facts disclosed or alleged in other proceedings. As the complaint stands, plaintiff in effect expresses the hope or, perhaps, the expectation that upon a trial she may be able to establish that the companies incurred a loss because of the defendants' alleged wrongful acts. For the courts to countenance such a practice would compel parties defendant to undertake the defense of an action where they have not, on the face of the complaint, been charged with having caused any damage to the corporations on whose behalf the action is brought.

The second cause of action, in effect, charges that the defendants caused their corporations to expend large sums of money for newspaper advertisements in justification of the acts of the defendants, and that the advertisements were untrue and in contradiction of testimony before the Senate Committee. These advertisements, it is claimed, were calculated to protect the reputation of the individual defendants and the monopoly program upon which they embarked, and were not in the interest of General Electric or Carboloy.

A consideration of these allegations fails to disclose any conduct in violation of their fiduciary duties as directors on the part of the individual defendants. No facts are set forth showing in what respect the advertisements were untrue or in what respect they were contradicted by the testimony before the Senate Patents Committee. For all that can be gathered from the complaint, the advertisements were inserted for the purpose of protecting the reputation of General Electric and Carboloy, and directors are justified in taking steps to protect the reputa-

tion of their corporations. Furthermore, there is nothing to show that the decision to publish the advertisements was not made in the exercise of good business judgment. The defendants were justified in defending the corporations of which they were directors and officers against charges which they, in the exercise of their judgment, deemed to be untrue. With the exercise of that judgment this court will not interfere.

The third cause of action alleges a violation of the Robinson-Patman Act. Here again there is an absence of allegations to sustain the claim. The allegations that the acts complained of were done in the course of and pursuant to a conspiracy, and that the acts were illegal and *malum prohibitum,* are conclusions and must be disregarded in testing the sufficiency of the third cause of action. (See *Diamond* v. *Davis,* 263 App. Div. 68, *supra.*) Moreover, no facts are set forth showing any damage to the corporations as a result of the acts complained of. On the contrary, the nature of those acts is not such, in the ordinary course, as to result in loss. All we have here is a loose, general charge with no facts indicating unlawful conduct, and with no facts showing a loss to the corporations concerned.

The second and third causes of action are not worthy of any further consideration. Accordingly, the defendants' motion to dismiss the complaint is granted, with leave to the plaintiff to amend the first cause of action within ten days after service of a copy of the order to be entered hereon, with notice of entry. Settle order.