Joseph Kalmanash, Respondent, *v.* Rosser J. Smith, et al., Defendants-Appellants, et al., Defendants.

Second Department, March 15, 1943.

666

*Jackson A. Dykman* and *Jules Haberman* for appellants Dahlberg et al.

*Guy George Gabrielson* and *Albert L. Wolfe* for appellants Baumhogger, Dugan and Norris.

*Albert R. Connelly* and *Abraham N. Geller* for appellants Phoenix Securities Corporation, Colpitts, Le Roy, Mack and Groves.

*Fred L. Gross* for appellant The Celotex Corporation.

*Frank Weinstein* and *Samuel J. Levinson* for respondent.

In a stockholder's derivative action (1) order, insofar as appealed from, denying the motion of the named defendants for judgment dismissing the fifth cause of action upon the ground that it does not state facts sufficient to constitute a cause of action, and denying the motion to strike out paragraph 27 of the amended complaint on the ground that the matter therein contained is irrelevant, unnecessary and impertinent and may tend to prejudice, embarrass and delay the fair trial of the action; and (2) order denying the motion of the defendants Baumhogger and Dugan to dismiss the amended complaint as against them on the ground that the alleged causes of action are barred by the Statute of Limitations; and (3) order denying the motion of defendant Norris to dismiss the amended complaint as against him on the ground that the alleged causes of action are barred by the Statute of Limitations, affirmed, with one bill of ten dollars costs and disbursements against appealing defendants. No opinion.

CLOSE, P. J., TAYLOR and LEWIS, JJ., concur; HAGARTY, J., dissents in part, with opinion, in which ADEL, J., concurs.

HAGARTY, J. (dissenting in part.) I am of opinion that the motion to strike out paragraph 27 of the amended complaint should have been granted. The allegation that the Clayton Act (38 U. S. Stat. 730) was violated is without relevancy. Even if

the allegation as to violation of the Clayton Act were omitted and the remaining portion of paragraph 27, to the effect that the acts of the defendants tended to create a monopoly and to stifle competition, remained, such allegations would have no relevancy to the cause of action alleged, the gravamen of which is that the defendants mulcted Certain-teed for the benefit of Celotex.

Further, my view is that the motions of Phoenix and Celotex to dismiss the fifth cause of action as against them should have been granted. The fifth cause of action, in essence, alleges that gifts, under the guise of salaries and remuneration for services, were made to certain individuals in 1936, 1937, 1939 and 1941. Certain paragraphs of the first cause of action are incorporated by reference in this fifth cause of action. Such paragraphs as are incorporated by reference do not include paragraph 14 of the complaint to the effect that a fraudulent conspiracy was entered into on April 15, 1936. All that we have, so far as concerns Celotex and Phoenix, is that Celotex, a competitor, was a minority stockholder of Certain-teed and was controlled by certain individuals. So far as Phoenix is concerned, it appears that on May 27, 1938, it sold whatever stock it had to Celotex. There are no allegations of fact with respect to these corporations to support the conclusions alleged that they participated in the granting of gifts of money of Certainteed to the individuals named. Paragraph 34, incorporated by reference in this cause of action, consists simply of an excuse for failure to make a demand upon Certain-teed for prosecution of this action, and paragraph 35 simply alleges that the "wrongful acts" were concealed. It is alleged that Celotex and Phoenix, among others, "caused" Certain-teed to make a gift to Dahlberg under the guise of a contract of employment; that this contract, dated on or about May 13, 1939, and its renewal in 1941, were the mediums by which a gift was made with the knowledge, approval and connivance of the defendants; that gifts were made in 1936 and 1937 by Certain-teed under the direction of Phoenix, and in 1938 at the direction of Celotex; and that in 1939 Celotex and Phoenix "caused" Certain-teed to make a further gift to one Hartley. These allegations are mere conclusions, at least with respect to Celotex and Phoenix as corporate entities. If minority stockholders could cause Certain-teed to make such gifts, which seems inconceivable on its face, the facts should be set forth in order to make out a cause of action. Since *Gerdes* v. *Reynolds* (281 N. Y. 180) it seems settled that general allegations of wrongdoing ordinarily will not suffice.

As to the individual defendants who moved to dismiss the fifth cause of action, I agree that their motion should be denied, although with some hesitancy. Inasmuch as these appellants were officers or directors of Certain-teed at the time of the making of one or more of these alleged gifts, or recipients thereof, it may be assumed that, even though the complaint does not state with particularity the nature of their participation in the making of these gifts, they did so under the guise of official acts as directors or officers.

I am also of opinion that the motions of Baumhogger, Dugan and Norris to dismiss the amended complaint as against them should be granted. The three-year Statute of Limitations is applicable and, therefore, these defendants can be held liable only for wrongs, if any, committed subsequent to February of 1939. It is alleged in the complaint that Baumhogger was an officer and director in 1936 and 1937; that Dugan was an officer and director in 1937 and 1938; and that Norris was an officer and director in 1936 and 1937. The alleged conspiracy was entered into on April 15, 1936, and on June 10, 1938, the contract under which Certain-teed relinquished its assets to Celotex was made, and thereafter was modified on April 25, 1941. In the first cause of action there is nothing to show any wrongful acts on the part of these three defendants after February, 1939, other than the numerous allegations, conclusory in nature, as to wrongdoings of the defendants. If these three defendants, two of whom occupied no fiduciary relationship after 1937, and the third after 1938, were nevertheless guilty of aiding fiduciaries, in some unstated capacity, in mulcting Certain-teed, then, in order to state a good cause of action as against them, there should be appropriate allegations of fact.

The fourth cause of action charges the " defendants " with negligently and fraudulently causing Certain-teed to enter into a contract with Celotex on or about August 1, 1939, employing the latter as Certain-teed's agent, as well as with fraudulently and wrongfully conspiring to cause Certain-teed to enter into the contracts of June 10, 1938, and April 25, 1941. As to none of these contracts does it appear that more than one of the said three defendants was an officer or director or had any status with respect to the contract. Dugan was an officer and director in 1938, and so, by inference, may have had something to do with the contract of June 10, 1938; but such wrongful conduct, if it could be implied by virtue of fiduciary relationship alone, cannot be made the subject of a cause of action, as the bar of the statute prevailed as to conduct prior to February of 1939.

In support of the theory that these three defendants might be held in the first cause of action as accomplices of fiduciaries in wrongful acts perpetrated after February of 1939, the learned Special Term in its opinion points to certain paragraphs of the complaint. The first of these is paragraph 21, which alleges that at various times from June 10, 1938, to the time of the commencement of this action, the business of Certain-teed was discriminated against in favor of Celotex and that the defendants prevented Certain-teed from exercising its right to recapture its assets, pursuant to the contract. There is no allegation of fact here as to these defendants during and after February, 1939. Reference is next made to paragraph 29, which is also to the effect that the defendants cheated Certain-teed in connection with the contract from June 10, 1938, to the present. There is no allegation of fact here. Next, paragraph 20 relates to the making of the contract of June 10, 1938, and its modification in April of 1941. There are no allegations of fact with respect to these defendants on and after February, 1939, in this paragraph. So, too, with the last paragraph cited, namely, paragraph 22, which is that the contract of modification of April 25, 1941, was fraudulently entered into with the connivance of the individual defendants who were then directors and officers of Certain-teed. It does not appear that these three defendants had any such status and, as stated, the allegations of the complaint as to their status show to the contrary.

My conclusion is as follows: On appeal by Baumhogger and Dugan, the order denying their motion to dismiss the amended complaint as against them on the ground that the alleged causes of action set forth in the amended complaint against them did not accrue within the time limited by law should be reversed on the law and the motion granted.

On appeal by defendant James K. Norris, the order denying his motion to dismiss the amended complaint on the same ground should be reversed on the law and the motion granted.

On appeal by the individual defendants Dahlberg and those of identical interests, and Phoenix and Celotex, from denial of their motion to dismiss the fifth cause of action for insufficiency, and the appeal by the defendants Smith and others from so much of the order as denies their motion to strike out paragraph '' 27,'' the order should be modified on the law by striking out the decretal paragraph and by substituting therefor the following: '' Ordered that the motion made in behalf of the defendants aforesaid, to dismiss the fifth cause of action set forth in the amended complaint herein upon the ground that

it does not state facts sufficient to constitute a cause of action, be and it hereby is granted as to defendants Celotex and Phoenix and the complaint dismissed as to them, and otherwise denied; and motion made in behalf of the named defendants to strike out paragraph " 27 " of the amended complaint in its entirety, be and it hereby is granted as to all of such defendants, without costs." As so modified, the order should be affirmed.

There should be a joint bill of ten dollars costs and disbursements for all successful defendants against the plaintiff and one bill of ten dollars costs and disbursements for plaintiff against the unsuccessful defendants.