Per Curiam.

All causes of action pleaded by respondents in this derivative stockholders’‘suit have heretofore been dismissed except the first, which is the subject of this appeal.
The remaining cause of action seeks to hold personally liable directors and officers of Remington Rand, Inc., for injury allegedly resulting to the corporation because of a labor policy of the directorate in the years 1934 to 1937 that involved resistance to the demands of labor unions and to proceedings instituted before the National Labor Relations Board which resulted in the entry of a cease and desist order against the corporation. The National Labor Relations Act went into effect on July 5, 1935 (H. S. Code, tit. 29,. § 151 et seq.). It is not disputed that appellants had the right to question the legality of this new legislation which in their judgment was detrimental to the corporation. The National Labor Relations Act was not finally sustained by the Supreme Court of the United States until April, 1937. (Labor Board, v. Jones & Laughlin, 301 U. S. 1.)
*328 In actions of this kind the courts have repeatedly held that a complaint containing general conclusory charges which are not supported by allegations of material facts is defective. (Gerdes v. Reynolds, 281 N. Y. 180, 183, 184; Weinberger v. Quinn, 264 App. Div. 405, 409, 410, affd. 290 N. Y. 635; Rous v. Carlisle, 261 App. Div. 432, 434, affd. 290 N. Y. 869; Davis v. Cohn, 260 App. Div. 624, appeal dismissed 286 N. Y. 622.) Stripped of its conclusory statements, the first cause of action here shows only a reasonable exercise of business judgment by the directors. No facts are set forth which show that appellants had interests adverse to the corporation or that they dealt, with the corporation for their own benefit or that they were guilty of waste or fraud. For errors of judgment alone, directors are not liable. (Everett v. Phillips, 288 N. Y. 227, 232; Kalmanash v. Smith, 291 N. Y. 142, 155; Hornstein v. Paramount Pictures, 37 N. Y. S. 2d, 404, affd. 266 App. Div. 659, affd. 292 N. Y. 468; Chelrob, Inc., v. Barrett, 293 N. Y. 442, 459.)
The order should be reversed, with $20 costs and disbursé- ■ ments and judgment should be directed dismissing the first cause of action of the fourth consolidated and amended complaint.
Martin, P. J., Dore, Cohn and Callahan, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements, and the motion granted.