KATHARINE A. KINSELLA, as Executrix of EDWARD A. KINSELLA, Deceased Stockholder of Frontier Press Company, Suing on Behalf of Herself and All Other Stockholders, Respondent-Appellant, v. HARVEY C. GOFF et al., Appellants-Respondents, et al., Defendants.— Order reversed, with $10 costs and disbursements to the defendants-appellants-respondents, and motion granted, with $10 costs with leave to serve an amended complaint within ten days after service of a copy of the order with notice of entry thereof, upon payment of costs of the motion and of this appeal. Memorandum: We interpret the order of the Special Term as inferentially denying defendants' motion under rule 106 of the Rules of Civil Practice to dismiss the second cause of action. As so interpreted we feel that the order appealed from should be reversed and the cause of action dismissed. (Civ. Prac. Act, § 241.) "General allegations of wrongdoing based upon undisclosed facts do not state a cause of action." (*Gerdes* v. *Reynolds*, 281 N. Y. 180, 183–184.) All concur. (Cross appeals from an order denying in part and granting in part defendants' motion to strike out the second cause of action under rule 106 of the Rules of Civil Practice.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

LEON D. GILL, Respondent, v. JOHN E. BAKER, Appellant.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order denying a motion by defendant to vacate a notice of examination by plaintiff before trial.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

HERBERT TOMOSER, Appellant, v. EMIL V. HEGYI, Respondent, et al., Defendants.— Order insofar as appealed from reversed, with $10 costs and disbursements, and matter remitted to the Special Term to proceed in accordance with the memorandum. Memorandum: The order made by the Special Term does not determine respondent's motion to vacate so much of the judgment as awards money damages against him and for an order opening his default in pleading with leave to file an answer to the complaint. Under those circumstances we feel the order should be reversed and the matter remitted to the Special Term to determine the motion on the basis of the relief sought. All concur. (Appeal from part of an order directing plaintiff to serve upon defendant Hegyi a copy of the judgment and reserving decision upon motion to vacate judgment until the Appellate Division renders its decision on an appeal or Hegyi's right to appeal has been terminated.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

In the Matter of the Estate of FREDERICK W. FIELDING, Deceased. EDITH JOHNSON, Appellant; GRACE SCHRADER, Respondent.— Resettled decree affirmed, with costs to all parties filing briefs payable out of the estate. All concur. (Appeal from a resettled decree adjudging decedent to be domiciled in Onondaga County, and dismissing objections to the jurisdiction of the court.) Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.