Morris Eder, J.
Defendants move for multiple relief against a complaint in a stockholder’s derivative action which actually involves members of the same family.
The dispute has its origin in the death some time ago of the father of the parties. He had been the owner of 50% of the stock of the subject corporation, referred to as Amsterdam, owner and operator of an apartment house (the owner of the other 50% is not here involved). He also owned all the stock of another corporation, referred to as Hasco. After his death his children organized a new corporation, referred to as Sokolfam, which became, as a result of a certain transfer agreement, the owner of all the stock of Hasco which, in turn, acquired ownership of the father’s 50% stockholdings in Amsterdam.
As one of the daughters, plaintiff received her share of the stock of Sokolfam, approximately 14% thereof. She has now brought this action as a “ stockholder ’ ’ of Amsterdam and on its behalf. In her second cause of action she alleges that the officers and directors of Amsterdam have refused after demand to deliver to her a certificate for ‘ ‘ at least 7% ” of its stock, to which she is entitled as her intestate share by devolution from her father. She has thus made a direct application for a certificate to evidence the indirect interest in Amsterdam stock (at least 7% thereof) which she owns by virtue of her actual stockholding of at least 14% of the stock of Sokolfam and which may be said to be owner, through Hasco, of 50% of the Amsterdam stock. She alleges that since 1952 Amsterdam has paid her directly, thus recognizing her status as a stockholder thereof. It also appears that Sokolfam and Hasco were dissolved in 1941 for failure to pay franchise taxes. While they continue to exist for purposes of suit and liquidation, for all practical purposes plaintiff should now be entitled to assert on behalf of Amsterdam a claim presentable only by an actual stockholder thereof. There is no point in raising any technical objection — and none is made as to this by defendants — that *1017 the second cause should have been first pressed by separate action to establish her status as a direct stockholder of Amsterdam before proceeding with the first cause in the stockholder’s derivative action.
Defendants, it is true, have moved formally to dismiss pursuant to rule 106 of the Buies of Civil Practice for failure to state a cause of action but do not make any argument in their brief addressed to this branch of the motion. It is accordingly denied.
Defendants’ position on this issue is merely that Sokolfam and Hasco are indispensable parties in view of the relief requested for the issuance of a certificate by Amsterdam to plaintiff, which would necessarily have to be carved from the 50% stock interest owned by Hasco whose 100% stockholder is Sokolfam. They accordingly move to dismiss for failure to join them, pursuant to section 193 of the Civil Practice Act and subdivision 2 of rule 102. That branch of the motion is granted to the extent of directing the service of a supplemental summons (and a supplemental, as to them, as well as an amended complaint, which is in any event required on the remaining aspects of this motion) bringing in said parties as defendants in this action.
Defendants have also moved to strike out as indefinite and obscure numerous allegations, pursuant to subdivision 1 of rule 102, and as sham or frivolous, irrelevant, prejudicial, etc., many other allegations, pursuant to rule 103, and also to require plaintiff to separately state each cause of action, pursuant to rule 90. These branches of the motion are granted to the extent of directing the service of an amended complaint which will conform to the following determination.
Plaintiff has not alleged, as defendants’ notice of motion states, that she is the “ holder of at least 7% of the capital stock of Amsterdam ”, but that she is the “ owner ” thereof. Under the circumstances alleged in the second cause of action this is deemed a sufficient allegation, particularly when considered with the additional allegations in the supplemental and amended complaint which plaintiff will have to include to show the stock-holding interest of Hasco and Sokolfam and plaintiff’s stockholding in Sokolfam.
Defendants have properly pointed out that general charges of wrongdoing in a derivative complaint do not state a cause of action. (Gerdes v. Reynolds, 281 N. Y. 180.) This complaint does, however, in the main allege specific facts and is objectionable only in some respects on the ground urged. The statement as to reduction of the paid-in surplus without accompanying *1018 facts is defective as conclusory. This is true also of the allegation as to “ excessive operating expenses and overhead ”; of the allegations concerning ‘ ‘ improper charges for services as operating expenses ” and “ not providing sufficient funds for maintenance of Amsterdam’s property of the allegation that defendants ' ‘ have received monies and other property belonging to Amsterdam and similar allegations not supported by any factual statement.
No claim is supportable on the basis of the allegation that one of the defendants acting as managing agent was permitted to charge a commission in excess of those charged by him to other owners; to impose any liability the allegation must be addressed to charges being in excess of the prevailing charge known by defendants to be the customary and comparable charge therefor.
The court finds no prejudicial or scandalous characterizations. Defendants may possibly be too sensitive in this regard in view of the relationship of the parties and the protracted litigation background.
It is essential, however, that plaintiff separately state her causes of action with respect to the particular defendants directly involved in the specific acts of wrongdoing complained of. The executors, as such, of the father’s estate are not involved except as it claimed that as executors and not as individuals they participated in any of such acts. Since, over the period of time embraced in the complaint, there were different compositions of directors and officers, independent and separate causes should identify the particular directors and officers according to their term of office and allege in that cause the acts of wrongdoing attributable to them, so that it will clearly appear against which defendants liability is claimed thereunder.
The motion is accordingly granted only to the extent herein indicated. Settle order.