Marcus G. Christ, J.
Motion to dismiss the two causes of action alleged in the complaint under subdivision 4 of rule 106 of the the Rules of Civil Practice.
The plaintiff pleads in the first cause of action that he and the defendants Budget Charge Accounts, Inc. and William C. Kingsley entered into the agreement annexed to the complaint, that by the agreement the plaintiff was given the option to repurchase certain stock of the Warren-Thomas Corp. having the value of $50,000 but the defendants conspired to liquidate the latter corporation and deprive him of his interest therein. The plaintiff does not plead that liquidation is contrary to the terms of the agreement. In fact, paragraph 7 of the agreement expressly permits Budget Charge Accounts, Inc., to liquidate the Warren-Thomas Corp. and in paragraph 13 the plaintiff expressly agreed not to hold Budget Charge Accounts, Inc., or any officer or director liable for any act done in connection with the business of the Warren-Thomas Corporation.
In view of the language of the agreement it can hardly be said that a cause of action which does not plead facts revealing a breach thereof, or that the plaintiff has performed all the conditions precedent to a repurchase of the stock is sufficiently *1009 stated; conclusory allegations of wrongdoing are insufficient (Gerdes v. Reynolds, 281 N. Y. 180,183,184).
With respect to the second cause of action, it will also be held that the facts pleaded are insufficient to state a cause of action.
The plaintiff apparently believes that commissions to which he is entitled on sales made by him for the defendants Fried Furniture Corp. and William C. Kingsley have been wrongfully withheld. He pleads no employment agreement, nor does he refer to or annex one to the complaint. He does not allege that he has duly performed all the conditions of any agreement which he may have with the defendants, nor does he allege what defendant or defendants withheld the commissions.
Accordingly, the motion is granted in its entirety, with the privilege of serving an amended complaint within 20 days.
Settle order on notice.