■ PENN-TEXAS CORPORATION v. MURAT ANSTALT et al.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur— Breitel, J. P., Rabin, Valente, Stevens and Bergan, JJ.

■ EUGENE WESSON, Appellant, v. PAUL DULLZELL et al., Defendants, and ETHEL MERMAN, Respondent.— Order, which dismissed the 2d and 5th causes of action unconditionally, and dismissed the 4th cause with leave to replead, is unanimously modified on the law and in the exercise of discretion, to the extent of denying leave to replead the 4th cause of action, granting leave to replead the 5th cause of action and, as so modified, affirmed with costs to abide the event. The 4th cause of action alleges libel in that certain newspapers published reports of a resolution, censure of the plaintiff, and the tendering of an apology to defendant Merman by Actors' Equity Council. It appears that the reports were factual. No cause of action is stated against the defendant Merman by the mere conclusory allegation that she caused the publication to be made. Nor do we see how the deficiency can be remedied by a repleading of this cause of action. (*Gerdes* v. *Reynolds,* 281 N. Y. 180, 183, 184.) The 5th cause of action alleges a conspiracy among all of the defendants. It is insufficient as to defendant Merman insofar as it seeks to embrace or rest upon the 2d and 4th causes of action or merely asserts a general conclusion as to her participation. Because some of the allegations refer to and include portions of the 1st and 3d causes of action it is our view that plaintiff should be afforded an opportunity to replead the 5th cause of action if so advised. In passing we observe that the 3d cause of action is not one in prima facie tort but falls within the category of a specific traditional tort and, as pleaded, states a cause of action. Settle order on notice. Concur— Botein, P. J., Breitel, Rabin, M. M. Frank and Stevens, JJ.

■ LUCILLE SLOANE, Individually and as a Stockholder of the 425 WEST 25th STREET CORP., Suing on Behalf of Herself and All Other Stockholders Similarly Situated and in the Right of said Corporation, Appellant, v. 425 WEST 25TH STREET CORP. et al., Respondents, et al., Defendants.— Final judgment in this stockholders' action for an accounting, damages, and other relief, unanimously affirmed on the facts and on the law, with costs to the respondents. The second cause of action, in substance, alleges that loans of corporate funds, without interest, were made to other corporations controlled by the principal stockholder. These borrowers, tenants in the building owned by 425 West 25th Street Corp., paid substantial rents and made permanent improvements to the realty. We agree with the trial court that the benefits derived by 425 West 25th Street Corp. were in excess of the income that could have been realized from interest payments. Under these and all the circumstances, it has not been shown that the loans without interest were not made in the exercise of good business judgment. Concur— Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.