Harold J. Crawford, J.
This is an action to declare null and void a special meeting of stockholders held on April 8, 1959, and all proceedings had therein, to adjudicate plaintiff still a director and the president of the corporate defendant, to restrain the defendants Hollander and Levine from acting as directors and officers of said corporation, and also to compel the individual defendant to account for all disbursements of corporate funds since April 8, 1959, to compel the defendant Berg to account for all corporate fund disbursements for his personal enrichment and that of his relatives, and to judicially dissolve the corporation and to award the plaintiff a personal judgment in the sum of $150,000 and a counsel fee to be fixed by the court.
Plaintiff now moves for the appointment of a receiver of the corporate defendant and to restrain the defendants Hollander and Levine, during the pendency of this action, from acting or purporting to act as directors and officers of the corporate defendant.
By cross motion the defendants move to dismiss for legal insufficiency what they term to be the first and second causes of action, or in the alternative to require plaintiff to serve an amended complaint separately stating multiple causes of action, or in the further alternative to require the plaintiff to serve a more definite and certain amended complaint.
The complaint that has been submitted to the court contains 41 allegations, but purports to allege but one cause of action and not two as indicated in the defendants’ cross notice of motion and in their brief. However, intermingled in this one cause of action are at least two claims, (1) a challenge of the special election held on April 8, 1959 and (2) a derivative stockholders’ action. Neither claim, however, has been properly alleged.
A challenge of a corporate election is governed by a proceeding under section 25 of the General Corporation Law. A derivative action must be brought on the right of the corporation. The real plaintiff is the corporation on whose behalf *96 an action is prosecuted. (Brock v. Poor, 216 N. Y. 387.) The instant action is not only brought on behalf of the plaintiff personally but the complaint is devoid of any facts' in support of the general charges of wrongdoing. As was stated in Gerdes v. Reynolds (281 N. Y. 180, 184), “ a pleading which, fairly construed, fails to allege any facts which constitute a wrong but only general conclusions, is entirely insufficient and may be dismissed on that ground. ’ ’
Accordingly, the cross motion is granted with leave to the plaintiff to serve an amended complaint, in accordance with the foregoing views, within 20 days of the service of a copy of the order to be entered hereon with notice of entry thereof.
Plaintiff’s motion for the appointment of a receiver and for an injunction is in all respects denied, without prejudice to renewal after the service of the amended complaint and upon papers which will demonstrate factually that there is danger of removal of the corporate property beyond this jurisdiction, that other loss or destruction thereof is threatened or that irreparable injury will be sustained unless the status quo is maintained.
Submit order.