LATTA BROOK CORPORATION, Appellant, *v.* BO PRODUCTS CORPORATION, Respondent.

Third Department, November 13, 1959.

*Rhodes & Levinger* (*Wilfrid E. Rhodes* and *Charles A. Bradley, III,* of counsel), for appellant.

*Brown, Zurett, Sullivan, Smith & Gough* (*William V. Gough* of counsel), for respondent.

BERGAN, J. The complaint which has been dismissed at Special Term for insufficiency on its face, alleges that plaintiff and defendant entered into an agreement, among other things, for the marketing of defendant's products under registered trade-marks and names, by which agreement defendant further undertook not to disclose its secret processes and formulæ for such products to other parties than plaintiff.

It is alleged that defendant " disclosed or caused to be disclosed to strangers and to persons other than the plaintiff * * * the formulæ and process " described in the contract " in such manner as to destroy the secrecy regarding such formulæ and processes " to the injury of plaintiff's property right in such formulæ and processes.

The complaint seems to have been dismissed because pleaded facts stating the breach are too general and come within the area of decisions such as *Gerdes* v. *Reynolds* (281 N. Y. 180) and *Kalmanash* v. *Smith* (291 N. Y. 142). In *Gerdes* the complaint, which was held insufficient for failure to plead facts, alleged defendants " wrongfully caused plaintiff to pay " to a defendant and such defendant " wrongfully received from plaintiff " money for " services alleged to have been rendered " although no services were rendered (p. 182); and in *Kalmanash* the cause of action based on a fiduciary relationship was not supported by any allegation " by direct statement or by fair implication " asserting a fiduciary relation (p. 154).

The requirement of section 241 of the Civil Practice Act is that a pleading shall show a " plain and concise statement of the material facts ". This does not mean a recitation of the

evidence of the facts. It means a statement of fact in conclusory form.

If a party agrees to keep secret a formula and if disclosure would be actionable, a pleading that he " disclosed " to third parties the formula is a concise statement of material fact and meets the test both of the statute and of the cases.

The specific objections to the complaint raised by defendant in this court are that it does not plead what formulæ were disclosed, or who, to whom, or how the disclosure was made.

These are all arguments that evidence be put in a pleading, which is one place in our procedure evidence does not belong. Defendant will, no doubt, have a right to particularization; but the pleading on its face is good.

The order should be reversed, with $10 costs, and the motion denied.

FOSTER, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Order reversed, with $10 costs, and motion denied.