This is a derivative stockholders’ suit. Plaintiff charges the individual defendants, as directors, officers, and managers of the corporation, with failure and neglect in the performance of their official duties. The charges are that the individual defendants did not give care or oversight to the affairs of the corporation, did not administer its affairs in an honest, careful, or prudent manner, permitted moneys and property and effects of the corporation to be wasted, stolen, and squandered, and negligently caused the entire capital surplus, property and effects of the corporation to be lost and the stock of the corporation to be rendered worthless. Defendants are charged also with breach of the terms of a stockholders’ agreement, but there are no allegations showing’ the pertinent provisions of this agreement or the respects in which the agreement was breached.
The allegations are wholly eonelusory, vague and general; they are patently insufficient (Gerdes v. Reynolds, 281 N. Y. 180, 183).
In a second cause of action, it is alleged that the directors and officers voted to issue certain bonds at 8% interest, to be paid within one year after issuance, to subserve their own private purposes and in violation of their known duties. Here, too, the allegations are general in nature and wholly eonelusory and insufficient; for all that appears, the transaction complained of may have involved the exercise of business judgment with which courts do not usually interfere.
The complaint is also insufficient in its failure to allege when the acts complained of occurred (see General Corporation Law, § 61).
The motion is granted dismissing the complaint with leave to plaintiff to serve an amended complaint wthin 20 days from service of a copy of this order with notice of entry.