VINCENT W. CIRRINCIONE et al., Respondents, *v.* ANTHONY C. POLIZZI et al., Appellants.

Fourth Department, October 26, 1961.

*Bernard M. Pogal* for appellants.

*Thomas Presutti* for Vincent W. Cirrincione, respondent.

*Van Schaick, Woods, Stratham, Sturman & Costanza (Thomas Hartzell* of counsel), for Rose Polizzi, respondent.

*Per Curiam.* The plaintiffs-respondents, minority stockholders and directors of the defendant-appellant close corporation, at a special meeting of the board of directors, voted to remove the defendant-appellant Polizzi, a majority stockholder and director, from his position as president and to restrain him from any exercise of his executive functions. The grounds for removal were alleged threats of appellant Polizzi to remove the respondents from their positions as members of the board of directors and as officers and employees of the corporation.

On the same date as the special meeting, the respondents brought this action, purportedly pursuant to subdivision 1 of section 60 of the General Corporation Law, demanding judgment confirming their action as the majority action of the board in removing Polizzi as president. The appellants moved to dismiss the complaint under rules 106 and 107 of the Rules of Civil Practice on the ground that the complaint fails to state a cause of action because (1) the respondents lack legal capacity to sue, in that the action may be brought only by the Attorney-General pursuant to section 61 of the General Corporation Law, and (2) the respondents seek to confirm their action taken at a special meeting which was called without notice and at which no quorum was present.

The special meeting was called under alleged emergency circumstances because of the threats by the appellant to remove respondents from their corporate employment. The reasons assigned for the emergency character of the meeting do not satisfy those extreme and rare conditions which may excuse notice. (2 Fletcher, Cyclopedia Corporations [Perm. ed.], § 508.) The meeting was attended by the respondents only and without notice to, or waiver of notice by, the individual appellant. It is axiomatic that no functions entrusted to a board consisting of a number of persons can be validly exercised without notice to all. Section 27 of the General Corporation Law provides that a majority of the board at a meeting " duly assembled " shall constitute a quorum. The words " duly assembled " infer that each director shall receive proper notice unless it is waived. (*Republican Art Printery, Inc.* v. *David,* 173 App. Div. 726, 731.) The failure to give notice was a fatal procedural defect in violation of the by-laws and the general import of section 27 of the General Corporation Law.

The original complaint sought to remove the president pursuant to subdivision 4 of section 60 of the General Corporation Law. This remedy is expressly and exclusively reserved for the Attorney-General. (General Corporation Law, § 61.) The amended complaint seeks to cure this defect in pleading by claiming relief under subdivision 1 of section 60 of the General Corporation Law. The language of the complaint demands judgment confirming the action of the respondents at the special meeting at which the action taken was invalid. In that respect, among others, the complaint fails to state a cause of action because it alleges facts showing that the board at a special meeting improperly removed the president.

The invalidity of the board's action also stems from absence of a quorum. The certificate of incorporation provides for a minimum of four directors. Although there had been that number of directors previously, at the time of the meeting there were only three directors, the respondents and the appellant. Appropriate provisions are made in the corporation's amended by-laws for the filling of vacancies on the board. Paragraph 20 of the original by-laws and article 10 of the amended by-laws provide that a majority of the board shall constitute a quorum for the transaction of business at all meetings of the board. It is well established that a majority means a majority of the whole number of directors and a quorum remains the same even though there may be vacancies. (*Erie R. R. Co.* v. *City of Buffalo,* 180 N. Y. 192, 197; *Mitchell* v. *Forest City Print. Co.,* 107 Misc. 709, affd. 187 App. Div. 743; 7 White, New

York Corporations [12th ed.], p. 188; 2 Fletcher, Cyclopedia Corporations [Perm. ed.], § 421.)

The amended complaint demands relief pursuant to subdivision 1 of section 60 of the General Corporation Law and yet does not allege facts sufficient to state a cause of action under that subdivision. An action may be brought to compel a director or officer to account to the plaintiff for official conduct, including negligence of or failure to perform duties, in the management and disposition of funds committed to his care (General Corporation Law, § 60, subd. 1). The amended complaint alleges a discrepancy in the corporate books from the period from April 1, 1959 to June 30, 1959 for which, it is alleged only the appellant Polizzi can be responsible. There are no other allegations of mismanagement, misappropriation or wasting of corporate assets. The allegation as to the discrepancy in the corporate books is conclusory. (*Davis* v. *Cohn*, 260 App. Div. 624.) General allegations of misconduct will not suffice in the absence of statements of those facts upon which are based the pleader's conclusion that the act is wrongful or unlawful. (*Gerdes* v. *Reynolds*, 281 N. Y. 180, 184; 19 Carmody-Wait, New York Practice, p. 136.) For these reasons, the amended complaint fails to allege facts which would bring the case within subdivision 1 of section 60 of the General Corporation Law and must be dismissed.

All concur. Present — WILLIAMS, P. J., GOLDMAN, McCLUSKY and HENRY, JJ.

Order unanimously reversed, without costs of this appeal to any party, and motion granted, without costs.