Francis X. Conlon, J.
This is a motion to dismiss the first three causes of action as insufficient and also as barred by the Statute of Limitations. ■
The first cause of action alleges that the moving defendants Cantor and Kleiner knew ‘ ‘ or should have known ’ ’ that the payments complained of were improper because NTA had made no profits during the fiscal years ending. July 31, 1957 and July .31, 1958. The payments are alleged to have been made during said fiscal years. According to the allegations of paragraph 9 of the complaint, Cantor and Kleiner were directors during part of the fiscal year ending July 31, 1958. It does not appear, however, *605 whether the payments made during that fiscal year were made while Cantor was a director (Sept. 12, 1957 to Dec. 6, 1957) or while Kleiner was a director (Dec. 20, 1957 to April 3, 1959). The first cause of action, therefore, fails to show that Cantor is liable or that Kleiner is liable. It is insufficient as to both of them.
The second cause of action is replete with allegations of conclusions, unsupported by sufficient allegations of ultimate facts to justify them. For example, the allegation that the NTA stock was ‘1 practically worthless ’ ’ is not warranted merely because of the allegation that NTA had been suffering substantial losses and needed substantital working capital. The allegation that the stock was “ valueless ” is likewise an unsupported conclusion. The other allegations of the cause of action consist of general statements of misconduct without specification of the transactions complained of; examples are the allegations of appropriation of so-called “ corporate opportunities ” without mentioning what they were, allegations of “ excessive and unearned ” “ finder’s fees ” without any elaboration, “ improper and excessive bonuses ”, “ exorbitant and unwarranted personal expense accounts ’ ’, etc. In addition, the characterizations of the various alleged items as improper, excessive, unearned, etc., are pure conclusions. The allegation that the debentures, warrants and options received for the NTA stock held by the Landau group was “ substantially” in excess of the value of the NTA securities surrendered is likewise a conclusion. There is no way of knowing what the pleader means by “ substantially”. There should be an allegation as to the value of the securities surrendered so that the court may be in a position to determine whether the difference, if any, is trivial or substantial. The allegations of the second cause of action are of the character repeatedly condemned and held insufficient by the Court of Appeals (see, for example, Kalmanash v. Smith, 291 N. Y. 142; Gerdes v. Reynolds, 281 N. Y. 180,183-185). In the Gerdes case (supra, pp. 183-184) the court said: “ General allegations of wrongdoing based upon undisclosed facts do not state a cause of action ’ ’. The second cause of action is insufficient.
The third cause of action is also insufficient. It alleges that the notes were purchased at prices ‘ ‘ substantially ’ ’ in excess of the prices which NTA would have been required to pay 11 in arm’s length transactions ”; but no statement is made as to what NTA would have had to pay in such transactions, and it is impossible, therefore, to determine whether the conclusion that the prices paid “substantially” exceeded what should have been paid is justified.
*606 The motion to dismiss the first three canses of action as insufficient is accordingly granted. Since these are the only causes of action addressed to the moving defendants, it is unnecessary to consider the question of the Statute of Limitations.
The motion is granted to the extent of dismissing the first three causes of action as insufficient, and otherwise denied as academic, with leave to serve an amended complaint within 10 days from the service of a copy of this order with notice of entry.